PONDER, Judge.
Sullivan Davis, Jr., found guilty by the trial judge of manslaughter in violation of La.R.S. 14:31, was sentenced to twenty-one years at hard labor. He was granted an out of time appeal and raised the following assignments of error: (1) the lack of a knowing and intelligent waiver of a jury trial, (2) the denial of his right to effective assistance of counsel, and (3) the excessiveness of the sentence.[1]
*819 We affirm.
When defendant came home from his place of employment, he and his wife got into an argument and the defendant hit his wife. She grabbed a gun from the couch and the two began to wrestle over it. The defendant testified that the gun went off twice and his wife ran out of the house. He put the gun in his back pocket, followed his wife outside and found her lying by the street. She told him she had been shot and the defendant was trying to put her in the car when the police arrived.
The state’s expert testified that the shot that killed the decedent was fired from three to four feet away. The pathologist testified that the bullet entered under the left armpit, passed left to right through the internal organs and ended beneath the skin on the right side of the chest. The trial judge reasoned that it was impossible for the gun to have been in the decedent’s hand when it went off, as the defendant testified, and found the defendant guilty.
The defendant first contends that he did not make a knowing and intelligent waiver of his right to a trial by jury since the trial judge did not specify the number of jurors the defendant was entitled to, the number of jurors necessary to find him guilty, and did not explain the burden of proof beyond a reasonable doubt. The defendant points to his minimal education, his limited ability to read and write and his age, about sixty-five.
Prior to the trial, the judge asked the defendant if he understood that he was entitled to a trial by jury which his attorney had stated he wished to waive. The defendant indicated that he understood and that his attorney was correct. The defendant’s attorney was present at the waiver. The record supports the conclusion that the defendant was personally informed by the trial judge of his right to a jury trial and that he made a knowing and intelligent waiver. State v. Johnson, 389 So.2d 1302 (La.1980). State v. Spikes, 423 So.2d 730 (La.App. 1st Cir.1982). Defendant’s long criminal record suggests that he must have more than just a slight acquaintance with criminal procedure.
Defendant next argues that he was denied the effective assistance of counsel since he informed his attorney that the sheriff’s office could verify prior fights with his wife in which she was the aggressor, but his attorney failed to present this evidence. We will not address the assignment since such contentions should be relegated to post-conviction relief applications in the district court. State v. Burkhalter, 428 So.2d 449 (La.1983). State v. Prestridge, 399 So.2d 564 (La.1981).
Defendant argues that the sentence of twenty-one years is excessive and arbitrary, that the record does not contain enough evidence for this court to decide the propriety of the sentence and that the case should be remanded for resentencing. We disagree.
La.C.Cr.P. art. 894.1 sets forth three factors which justify a sentence of imprisonment, and eleven other factors which tend to indicate suspension of sentence or probation as appropriate. This legislation was passed to prevent the possible imposition of excessive punishment and to guide the trial court in sentencing. State v. Smith, 430 So.2d 31 (La.1983). State v. Wimberly, 414 So.2d 666 (La.1982). The trial court must state for the record the factual bases and considerations in imposing a sentence. La.C.Cr.P. 894.1(C).
The trial judge failed to comply with art. 894.1 since he named only the past crimes of the defendant, as evidenced by the pre-sentence investigation and did not state for the record other factors that should have been taken into account. However, this in itself does not render a sentence invalid if the record clearly illumines the sentencing choice. State v. Smith, supra.
We find that the record supports the trial judge’s sentencing choice. Although *820 some mitigating factors exist, such as the possibility that the defendant acted under strong provocation, or was induced into such an action by the victim, these factors do not outweigh the defendant’s criminal past, nor the circumstances of the crime. The defendant has an extensive record involving sixteen offenses which include simple burglary, armed robbery, manslaughter, theft, simple battery and the present offense. The trial judge did note that the defendant spent fifteen years in various prisons and jails, had not been rehabilitated and was a menace to society.
Although a substantial amount of time has passed since his last conviction (a DWI conviction in 1971), the defendant’s history indicates that there is a definite risk that defendant will commit another crime and needs a custodial environment. La.C.Cr.P. art. 894.1 A(1) and (2). We also note that the defendant struck his wife prior to the time she grabbed the gun.
Given the seriousness of the crime and the defendant’s past criminal activity, wé conclude that there is no substantial possibility that the twenty-one year maximum sentence is excessive. State v. Smith, supra. State v. Wimberly, supra.
Defendant’s conviction and sentence are therefore affirmed.
AFFIRMED.

. The defendant hired a new attorney as the deadline for his last extension of time for filing *819 an appellate brief was drawing near, and as a result we have briefs filed by defendant’s former attorney and his present counsel. We will consider all assignments of error raised by the two attorneys.