269 So.2d 827

STATE of Louisiana

v.

James Louis FOSTER.

No. 52734.

Supreme Court of Louisiana.

Nov. 28, 1972.

Paul Henry Kidd, Monroe, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Gilbert T. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellee.

## PER CURIAM.

The defendant, Foster, was charged by Bill of Information with the crime of aggravated battery. (La.R.S. 14:34). He was arraigned and entered a plea of not guilty. During the course of the trial on motion of the defendant, a mistrial was granted. Thereafter, the defendant withdrew his former plea of not guilty and entered a plea of guilty. The trial judge, after thoroughly questioning the defendant concerning the voluntariness of his plea, and defendant having expressly waived his rights, accepted the plea of guilty. The defendant was sentenced to ten years at the Louisiana State Penitentiary, and he appeals relying on two bills of exceptions reserved and perfected.

Bill of Exceptions No. 1 was reserved to the trial court's ruling on a motion to suppress that certain inculpatory statements made by the defendant were admissible at trial. We find that the defendant by entering a voluntary plea of guilty has waived any defect or error which could have existed in the trial court's ruling on the motion to suppress. It is the law of this state that a plea of guilty waives all non-jurisdictional defects. State v. Valentine, 259 La. 1019, 254 So.2d 450 (1971). Bill of Exceptions No. 1 is without merit.

In Bill of Exceptions No. 2 the defendant objects to the sentencing procedures followed in imposing sentence. The bill alleges that the defendant did not have an opportunity to review the information contained in the report in the pre-sentence investigation as other defendant's counsel had been given the right to, and that he had not been afforded an opportunity to rebut any statements contained in the report.

We are in accord with the trial court's per curiam that this bill is without merit. Quoting from his per curiam:

"On April 13, 1972, the defendant was present in court with his attorney, Paul H. Kidd, and informed the court that he wished to change his plea of not guilty to guilty. After interrogation by the court,

the court accepted the defendant's plea of guilty. No objection was made by defendant or his attorney. On May 12, 1972, defendant was present in court with his attorney . . . and stated he wished to maintain his plea of guilty and was prepared to accept sentence. The Court sentenced the defendant to serve 10 years in the Louisiana State Penitentiary to run concurrently with other sentences, and with credit for time already served. No objection was made by defendant or his attorney at this time. On May 24, 1972 defendant's attorney . . . appeared in court and reserved a bill of exception to 'the sentencing procedures employed by this court' and asked for and was granted an appeal to the Supreme Court. The attorney did not make an objection or ask for a ruling upon any objection at this time. He did not specify to what alleged irregularity the bill of exception related other than to 'the sentencing procedures employed by this court'. He did not ask that the sentence be set aside or request any other relief from the court. The defendant's attorney did not make any complaint to the court with regard to the sentence or pre-sentence procedures on this or any prior occasion."

It is evident from the per curiam of the trial court that the bill of exceptions is not properly before this court. The defendant at no time objected to the procedures followed by the trial court with regard to the pre-sentence report. Therefore there is no ruling of the trial court before us as required by La.C.Cr.P. Art. 841.

This bill is without merit.

For the reasons assigned herein, the conviction and sentence are affirmed.

BARHAM, J., concurs.