406 So.2d 160 (1981)
STATE of Louisiana
v.
Stanley E. McKINNEY.
No. 81-KA-0839.
Supreme Court of Louisiana.
November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Arther J. Lentini, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Martha E. Sassone, Gretna, Robert T. Garrity, Jr., New Orleans, and Joseph L. Montgomery of Indigent Defender Board, Metairie, for defendant-appellant.
CHIASSON, Justice Ad Hoc.[*]
On February 3, 1979, an armed robbery was committed against John Belloni, an employee *161 of Warehouse Records and Tapes. At approximately 10:00 p. m., two men came into the store to make change. They left, then returned two or three minutes later to get more change. Once again, they departed, then returned for the third time and this time pulled a gun on Belloni, took all of the money out of the cash register, and left the store.
On March 7, 1979, Detective Stanley E. Ferguson conducted a photographic lineup with Belloni. The detective testified that he took the photographs to Warehouse Records and Tapes, placed them down on top of the counter, instructed Belloni to take his time and observe the pictures, and asked him if he recognized any of the photographs. The victim immediately, without hesitation, identified the accused as the person who robbed him on February 3, 1979.
After the preliminary hearing on May 7, 1979, the state filed a bill of information on May 21, 1979, charging the accused with armed robbery, a violation of La.R.S. 14:64. The defendant pleaded not guilty. On August 31, 1979, the victim picked the accused out of a physical lineup. Accused's counsel was not present.[1] Defense counsel filed a Motion to Suppress, urging the trial court to suppress the in-court identification to be made by the victim, arguing, in effect, that it would be tainted by the victim's identification of defendant at the uncounseled physical lineup. Also defense counsel argued that the state was not entitled to an opportunity to show that any in-court identification would have an independent source. In other words, the victim's eyewitness identification at the scene of the crime and his identification of the accused in a photographic lineup should also be suppressed.
The trial court agreed that the defendant was denied due process by not having his defense counsel present at the lineup. Any evidence regarding the physical lineup was excluded. However, the trial judge held that his suppression of the physical lineup did not mandate the suppression of the in-court identification. He believed the victim could make an in-court identification based on his independent knowledge of what happened to him on the date the crime occurred. Defense counsel applied for Writs of Certiorari, Prohibition and Mandamus to this Court, appealing that part of the ruling which allowed the victim to make an in-court identification. The writs were denied on grounds that an adequate remedy by review would be available in the event of conviction. Thereafter, the defendant withdrew his former plea of not guilty and, after the trial court's extensive "boykinization," pleaded guilty to a reduced charge of attempted armed robbery as the result of a plea bargain.
On appeal, defendant contends that his right to appeal was preserved by his unsuccessful writ application and by this Court's referral therein to the availability of post-conviction remedies. He also contends the trial court erred in denying his Motion to Suppress.
The general rule is that a guilty plea waives all nonjurisdictional defects in the proceedings prior to the plea and precludes review thereof either by appeal or by post-conviction remedy. State v. Torres, 281 So.2d 451 (La.1973); State v. Foster, 263 La. 956, 269 So.2d 827 (1972).
An exception to the rule is that a defendant, by virtue of a reservation for appellate review of specified pre-plea errors, may condition his guilty plea and thus be allowed appellate review. State v. Aguillard, 357 So.2d 535 (La.1978); State v. Crosby, 338 So.2d 584 (La.1976), rehearing denied October 15, 1976; State v. Williams, 340 So.2d 1382 (La.1976), rehearing denied January 21, 1977.
In the case before us, the defendant and his attorney not only made no specific reservation for appellate review of the pre-plea ruling, but instead, made an affirmative, *162 voluntary, intelligent, knowing and informed waiver of such right.
A waiver of a constitutional right (such as the right to appellate review) must be clear, Bonner v. B-W Utilities, Inc., 452 F.Supp. 1295 (D.C.La.1978); intelligent, Art. 1, Section 19 of the 1974 Louisiana Constitution; voluntary, State v. Williams, 353 So.2d 1299 (La.1977), certiorari denied, 437 U.S. 907, 98 S.Ct. 3098, 57 L.Ed.2d 1138 (1977); knowing and informed and by an accused who understands the consequences of his act, State v. Muller, 351 So.2d 143 (La.1977), appeal after remand, 365 So.2d 464 (La.1978).
From the transcript of the proceedings of June 11, 1980, we quote only a part of the Court's extensive "boykinization"[2]:

* * * * * *
"BY THE COURT:

* * * * * *
"Q. * * * You understand that if I accept your plea you can no longer assert any allegations of defects, such as you cannot claim that you were illegally arrested, that there was an illegal search and seizure, an illegal confession or an illegal lineup, you can no longer challenge any alleged defects in these proceedings, do you understand that?
"A. Yes sir.
"Q. You understand that Mr. Dalton on your behalf has filed in this Court certain motions to exclude from the trial the identification of you stemming from a physical lineup and also the in Court identification of you, that those motions have been filed on your behalf, but now that you're entering this plea of guilty you're giving up any rights to challenge any defects as I said, You cannot come back later and say there was something wrong with the way the lineup was conducted. There was something wrong with the way the photographs were shown to the victim and these are defects in the proceeding.
This will completely end all your rights to challenge these defects, do you understand that?
"A. Yes sir. I do.

* * * * * *
"THE COURT: Mr. Dalton, are you satisfied that he understands all of his rights and he enters this plea voluntarily this morning?
"MR. DALTON: Yes, sir. I am. * * *"
In addition to the Court's colloquy, Mr. McKinney and his attorney signed a written Acknowledgment of Rights form which states in part that:

* * * * * *
"6. If you plead guilty, and this court accepts your plea, you do not have the right to assert any allegations of defects, such as: ...(d) an illegal line-up, ... Do you understand that by pleading guilty you are waiving or giving up these rights?"

* * * * * *
"BY DEFENDANT'S ATTORNEY:

* * * * * *
"I, also, have informed the defendant ... that his ... only appeal is for review of jurisdictional defects ...."
The defendant's guilty plea to the reduced charge of attempted armed robbery was the result of a plea bargain. In accordance with the Uniform Rules of Criminal Procedure, National Conference of Commissioners on Uniform State Laws (1974), a prosecutor may require the waiver of appellate review of nonjurisdictional pre-plea rulings. State v. Crosby, 338 So.2d 584, 591 (La.1976) and Rule 443(a)(4) cited in footnote 3 on page 589.
A ruling on a motion to suppress an illegal lineup is a nonjurisdictional pre-plea ruling and appellate review thereof can be waived.
The overwhelming evidence indicates that, by and with the advice and consent of *163 counsel, Mr. McKinney clearly, intelligently, voluntarily, knowingly, informedly, and understanding the consequences of his act, effectively waived his constitutional rights of appellate review of the pre-plea ruling. Therefore, we are limited in our review to only jurisdictional defects made prior to Mr. McKinney's guilty plea. State v. Foster, supra; State v. Torres, supra. We find no jurisdictional error prior to the guilty plea in this case.
The Motion to Suppress the in-court identification of the defendant by the victim is a nonjurisdictional defect waived by the guilty plea under the holdings of the cases heretofore cited.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, C. J., concurs.
NOTES
[*] Judges Chiasson, Edwards and Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon, Justices Marcus, Blanche and Lemmon.
[1] At the time of the lineup, attorney John Rau was representing the defendant. He testified at the Motion to Suppress Hearing that he had not been notified of the lineup. Detective John J. Davis stated that he called Rau's office to advise him, but didn't recall whether or not he spoke to Rau, his secretary, or his answering service.
[2] He was made aware of the nature and extent of the constitutional rights which he is deemed to have waived by pleading guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).