459 So.2d 1316 (1984)
STATE of Louisiana
v.
Donald JOHNSON.
No. KA 84 0362.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*1317 Ossie Brown, Dist. Atty., by Samera Abide, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Donald R. Johnson, Sr. was charged by bill of information with one count of possession of pentazocine, a controlled dangerous substance, classified in Schedule II, in violation of LSA-R.S. 40:967 C(1). Defendant withdrew his original plea of not guilty, pled guilty as charged, and was subsequently sentenced to a term of three years imprisonment in the custody of the Louisiana Department of Corrections. We affirm.
The record reveals that, during the evening of March 9, 1983, two police officers were patrolling in the fifteen hundred block of 43rd Street when they were approached by a young man who stated that someone was fighting with his mother. The officers proceeded to the scene of the fight and arrested defendant for battery on the young man's mother. While patting down defendant, incident to the arrest, the officers discovered a syringe in defendant's right sock. The syringe contained a white powdery substance which was later confirmed by the Louisiana State Police Crime Lab to be pentazocine.
In bringing this appeal, defendant urges that the trial court violated the sentencing guidelines of LSA-C.Cr.P., art. 894.1 (Assignment of Error No. 1) and that the sentence imposed was excessive (Assignment of Error No. 2).
*1318 ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, defendant asserts that the trial court failed to follow the guidelines of art. 894.1 by not specifically listing for the record defendant's personal history. However, this lack of specificity in itself does not render the sentence invalid because the record clearly illuminates the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983); State v. Davis, 440 So.2d 818 (La.App. 1st Cir.1983).
Defendant further asserts that the trial court incorrectly considered his prior arrests. However, we find that the trial court did act properly. The type of criminal activity a court may consider in a sentencing proceeding is not limited to prior convictions or by the rules of evidence. State v. Washington, 414 So.2d 313 (La. 1982); State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, defendant asserts that the sentence imposed was excessive. We disagree. The standard of review to be exercised by an appellate court is circumscribed by rather narrow limits. A trial judge has wide discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). In the absence of manifest abuse of discretion, the sentence imposed will not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982).
Generally a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than needless imposition of pain and suffering. State v. Thomas, 432 So.2d 325 (La. App. 1st Cir.1983). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. Id. at page 327.
The sentencing exposure for violation of LSA-R.S. art. 40:967 C(1) with respect to pentazocine is imprisonment with or without hard labor for not less than two years and not more than five years and an optional fine of not more than five thousand dollars.
The record reflects that the trial court ordered a presentence investigation report and adequately contemplated the sentencing guidelines of LSA-C.Cr.P., art. 894.1.[1] In pronouncing sentence the court noted:
... [y]ou've been given ample opportunities in the past by the Courts to straighten up your life. And you have failed to take advantage of these prior periods of probation. You continued to violate the criminal laws of this state. It's felt that your attitude and your character at this time indicates that you would be likely to commit other crimes were you given probation... I find no grounds tending to excuse or justify your conduct... I don't find that addiction to [drugs] justifies your continued violation of the Louisiana criminal laws. I find no provocation and, as such, I feel that there is an undue risk that ... you would commit another offense. I feel that a lesser sentence would deprecate the seriousness of your crime. And I feel you are in need of correctional treatment within a custodial environment.
We cannot say that the sentence imposed is excessive under the circumstances. Defendant has a long juvenile and adult criminal record. He is a third felony offender whose behavior has not been positively altered by supervised probation granted for prior convictions. We find that the trial judge fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved.
These assignments of error are without merit.
AFFIRMED.
CRAIN, J., concurs and assigns reasons.
*1319 CRAIN, Judge, concurring.
After having pled guilty as charged to possessing a Schedule II controlled dangerous substance, Pentazocine, in violation of La.R.S. 40:967(1), and having been sentenced to three years at hard labor with the Department of Corrections, defendant appeals his sentence. I concur that the sentence is not excessive. However, I would dismiss the appeal ex proprio motu.
The appropriate entry of a plea of guilty, which would include a proper Boykin examination, waives appellate review of all non-jurisdictional defects in the proceedings prior to the plea.[1]State v. Torres, 281 So.2d 451 (La.1973), State v. Foster, 263 La. 956, 269 So.2d 827 (1972). Non-jurisdictional defects can be raised on appeal after a guilty plea if the defendant makes a specific reservation of right to appeal those defects. State v. Crosby, 338 So.2d 584 (La.1976).
A valid Boykin examination which will serve as an appropriate basis for a guilty plea must obtain from the defendant a waiver of right to trial by jury, a waiver of right to confront accusers and a waiver of the privilege against self-incrimination. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Since the waiver of appellate review of non-jurisdictional defects is not necessary to a valid guilty plea, such waiver is thus implicit in the guilty plea although not specifically obtained.
There has been some consternation in the courts as to whether a guilty plea properly taken waives a right to appeal a subsequent sentence. In State v. Williams, 340 So.2d 1382, 1383 (La.1976) (partially overruled on other grounds in State v. Cox, 369 So.2d 118 (La.1979) the Louisiana Supreme Court held that entering of a valid guilty plea does not waive post-plea errors. Thus, a defendant who pled guilty could still appeal the subsequently imposed sentence.
An additional problem then arose where the guilty plea was subject to an agreed upon sentence. In a whole line of cases the Louisiana Supreme Court held that the sentence was not subject to review where it was agreed upon in entering the guilty plea. Cf. State v. Gray, 404 So.2d 1215 (La.1981). Then in State v. Jett, 419 So.2d 844 (La.1982) the Supreme Court acknowledged the rule it had adhered to, but then reviewed the sentence anyway.[2] Subsequent to Jett, supra, this circuit appears to have concluded that a guilty plea coupled with an agreed upon sentence that is made part of the record waives right to appellate review of the sentence, but where there is no specific agreement in the record as to sentence it will be reviewed on appeal. State v. Benton, 432 So.2d 334, (La.App. 1st Cir.1983), State v. Buckenberger, 428 So.2d 966 (La.App. 1st Cir.1983).
All of the cases cited above deal with the waiver of rights that are implicit in plea of guilty. None deal with the situation where a defendant, in entering a guilty plea, specifically waives the right of appeal, or additionally, as in this case, not only waives the right to appeal in general but specifically waives the right to appeal the sentence, even though the sentence is not agreed upon in the plea.
In this case the following colloquy occurred on entering of the guilty plea:
The Court: also should you go to trial today and be found guilty at the conclusion of the trial whether by jury or judge you would then have the right to appeal your conviction and sentence to higher courts, the First Circuit Court of Appeal, the Louisiana Supreme Court and the Federal Courts. But by pleading guilty, if I accept your plea of guilty, your case *1320 will not be reviewed by other courts. Do you realize you are giving that right up?
Mr. Johnson: Yes sir.
There is a distinction between an explanation of what is being waived by entering the guilty plea, which would include appellate review of non-jurisdictional defects, and a specific waiver of what otherwise would not be waived. Sentence review would not be waived by entering the guilty plea. Consequently, in the view of this writer when the trial court included waiver of sentence review in its Boykin colloquy it asked for and received a waiver of review that exceeded that which was implicit in the guilty plea.[3]
Where there is a specific waiver of right to appeal a subsequent sentence upon entering a guilty plea, there is no right to appeal the sentence. This rule should apply whether or not the sentence is agreed upon in entering the plea.[4]
A defendant would not be deprived of a right of appellate review of an unconstitutionally excessive sentence by such ruling. However, where appeal rights are waived such review would be under the supervisory jurisdiction of this court from an application for post conviction relief.[5] La.C. Cr.P. art. 931.3(1), State v. Davis, 457 So.2d 848 (La.App. 1st Cir.1984).
I respectfully concur with the result.
NOTES
[1] The trial judge need not articulate every aggravating and mitigating circumstance to comply with guidelines of LSA-C.Cr.P., art. 894.1. State v. Grey, 408 So.2d 1239 (La.1982).
[1] Jurisdictional defects are "those which even conceding the accused's factual guilt, do not permit his conviction of the offense charged." State v. Crosby, 338 So.2d 584 (La.1976). Under this definition the sentence cannot be a jurisdictional defect.
[2] We note in Jett, 419 So.2d at 852 the Supreme Court concluded that "our review of possible constitutional error is not absolutely precluded by a defendant's agreement to plead guilty or to receive a particular sentence."

The Supreme Court has not said that this review has to be by appeal rather than post conviction relief.
[3] In a plea bargaining situation where a primary concern is to move the defendant into the State prison system to relieve local jail conditions a waiver of sentence review is a real and valid concern for the state making a plea agreement. As long as a defendant is not misled as to the sentence that can possibly be imposed, or to the sentence that will be imposed, there is no reason why a waiver of review of sentence by appeal cannot be secured. Post conviction relief furnishes adequate safeguards for a defendant who has been mislead in entering a plea. La.C.Cr.P. art. 924, et seq. Local authorities have been thwarted in their efforts to comply with federal guidelines for prison population by defendants who enter guilty pleas knowing what the possible sentence will be, and in some cases knowing what the actual sentence will be, and then appealing. The appeal leaves the trial judge with the unpalatable alternative of bonding the defendant rather than further crowding the local jail.
[4] For benefit of trial courts we note a majority of this panel agrees with this view, but simply does not feel that in this case the facts support a finding that this defendant was specifically waiving his right to appeal his sentence.
[5] A defendant must always be protected against a deprivation of constitutional rights. Consequently, where there is a claimed deprivation there must be a procedure for having the claim reviewed by appellate courts. However, that review does not necessarily have to be by appeal. Failure to comply with statutory delays in the criminal law must result in some sanction that gives effect to valid legislative requirements, and yet protects the accused's constitutional privileges. State v. Davis, supra, attempts to reach this balance when legislatively established appeal delays are ignored without cause. Additionally, a defendant who knowingly and constitutionally waives the right of appeal must waive something. Ultimately in order for the criminal justice system to be fair and just both to the accused and to society a single, thorough review of a criminal proceeding must be sought as an obtainable goal. The first step is to enforce delays and adhere to waivers, without ignoring constitutional rights. Where a defendant waives appeal of a sentence as part of a guilty plea the waiver should not be ignored. At the same time, review of claimed abuse of constitutional rights in this area is adequately provided for by post conviction relief.