KING, Judge.
This appeal presents the issue of whether or not the defendants have the right to appeal the trial court’s denial of each of their motions to suppress.
Mitchell Williams and Dolores Moses Williams (hereinafter defendants) were charged by a bill of information with possession of marijuana with intent to distribute, in violation of La.R.S. 40:966. The defendants each originally pled not guilty to the charge. A hearing on each defendant’s motion to suppress evidence was held and each of the defendants’ motions was denied. The defendants then each changed their pleas to guilty and their guilty pleas were accepted. Defendant Mitchell Williams was sentenced to three years at hard labor. The trial court, without entering a judgment of guilt or imposing a sentence on defendant, Dolores Williams, placed her on three years supervised probation under the provisions of La.R.S. 40:983.
Defendants timely appeal urging one assignment of error, that the trial court erred in denying each of their motions to suppress evidence.
*1202 For the reasons hereinafter set forth, we dismiss the appeal of each defendant.
FACTS
On July 16, 1985, Captain Ronald J. Son-nier of the Iberia Parish Narcotics Division received a telephone tip from an anonymous informant that defendants were selling packets of marijuana from their vehicle. The informant told Sonnier that the marijuana was in Dolores Williams’ purse and that Mitchell Williams was armed with a pistol. He also described the car the defendants were in and gave its license number.
Defendants had been the subject of a previous investigation involving the distribution of marijuana. The information related by the informant corresponded with previous information the police had obtained about the defendants concerning their modus operandi and the description of their car.
Approximately thirty minutes after receiving the tip, the police made a warrant-less stop of defendants’ vehicle. Defendant, Dolores Williams, later gave written permission to search the car. Found inside the ear were fourteen envelopes of marijuana, a pistol, and a $10.00 bill. This criminal prosecution resulted.
LAW
The defendants urge one assignment of error, that the trial court erred in denying each of their motions to suppress the evidence.
We note that the trial court has never accepted and entered a guilty plea for defendant, Dolores Williams, nor has the trial court imposed any sentence on her. See LSA-R.S. 40:983. Ex proprio motu, we question jurisdiction of the appeal by the defendant, Dolores Williams. As there has been no conviction or séntence we find that defendant, Dolores Williams, has no right to appeal at this time. LSA-C.Cr.P. Art. 912(A); State v. Ruth, 470 So.2d 167 (La.App. 4 Cir.1985).
The defendants’ motions to suppress were filed on October 14, 1985. On March 4, 1986, a hearing was held on each of defendants’ motion to suppress and they were denied by the trial court. On April 7, 1986 the defendants each changed their pleas to guilty. On April 14, 1986 the defendants filed a motion for appeal which alleged “[t]hat defendants reserved their right to appeal the denial of their motion to suppress evidence on March 4, 1986; .. The order of appeal was signed by the trial judge on April 14, 1986.
It is well established that a guilty plea waives all non-jurisdictional defects in the proceedings prior to entry of the guilty plea and precludes review of such defects either by appeal or by post-conviction remedy. State v. Jenkins, 419 So.2d 463 (La.1982); State v. McKinney, 406 So.2d 160 (La.1981); State v. Crosby, 338 So.2d 584 (La.1976); State v. Champagne, 461 So.2d 1059 (La.App. 3 Cir.1984). A defendant may be allowed appellate review if at the time he enters a plea of guilty, he expressly stipulates that he does not waive his right to appeal a previous adverse ruling in the case. State v. McKinney, supra; State v. Crosby, supra.
In this case, there is no evidence in the record which shows that defendants at the time of their guilty pleas reserved their rights to present alleged pre-plea errors by appeal. During the guilty pleas of the defendants, the trial judge specifically asked each of the defendants these questions:
COURT: “[B]y pleading guilty now, there is no trial and no appeal, do you understand that?”
******
COURT: “Now your lawyers, on both sides, Miss Sadler and Mr. Haik have filed certain, what we call pre-trial motions ... but by pleading guilty, you’re giving up the right under those motions. Do you understand that?”
The record reflects that under oath in Open Court, with their counsel present, both defendants responded affirmatively to these questions by the trial judge.
The record further reflects that after the trial judge had accepted both defendants’ *1203 guilty pleas that the trial judge asked “Is there anything either you or your lawyer would like to say before I pass sentence?” and that the defendants’ lawyers answered no.
The defendants did not expressly reserve their rights to appeal the denial of each of their motions to suppress evidence at the time of the entry of their guilty pleas. It was not until April 14, 1986, a week after defendants’ guilty pleas were entered that defendants attempted to reserve their rights to appeal the denial of each of their motions to suppress evidence. Under Crosby, supra, in order to preserve the right to appeal non-jurisdictional defects, a defendant must reserve his rights at the time of the guilty plea. Crosby, supra, at page 591.
For the reason that defendant, Dolores Williams, has no right to appeal and because the defendant, Mitchell Williams, did not properly or timely preserve his right to appeal the denial of his motion to suppress evidence at the time of the entry of his guilty plea, we find that neither defendant has a right to appeal this issue. For these reasons we will not consider the defendants’ assignment of error that each of their motions to suppress evidence was improperly denied.
APPEAL DISMISSED.