EDWARDS, Judge.
Darrell Wayne Lewis pleaded guilty to a reduced charge of aggravated battery, a violation of LSA-R.S. 14:34.* The trial judge sentenced him to a term of five years at hard labor. He appealed, alleging as his sole assignment of error that his sentence is excessive.
EXCESSIVE SENTENCE
Defendant argues that his sentence is excessive because he is a first offender and is likely to benefit from probation. He further contends that the trial court should not have considered his arrest record in sentencing him as a first felony offender.
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence within statutory limits may still violate a defendant’s constitutional right against excessive punishment, and so is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. State v. Reed, 409 So.2d 266 (La.1982). A trial court is given wide discretion in the imposition of sentences with *850 in statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982).
LSA-C.Cr.P. art. 894.1 sets forth items which must be considered by the trial court before passing sentence. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual sentence should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
In this case, the trial court ordered a pre-sentence investigation report which reflects that defendant was under the influence of drugs and alcohol when he approached the victim, Michael J. Carney. He argued with him, and then fired several shots at him, one of which struck Carney in his right upper thigh. The trial judge considered the fact that defendant was not provoked into shooting the unarmed victim. The court noted defendant had been arrested fourteen times and that there was a risk that he would commit another similar crime if he were not imprisoned. Finally, the judge concluded that a lesser sentence would deprecate the seriousness of the crime.
The type of criminal activity a court may consider during sentencing is not limited to prior convictions or by the rules of evidence. State v. Johnson, 459 So.2d 1316, 1318 (La.App. 1st Cir.1984). See also State v. Collins, 470 So.2d 553 (La.App. 1st Cir.1985). Accordingly, we find that the trial court acted properly in considering defendant’s prior arrests.
When the trial court recites some of the article 894.1 factors, such as defendant’s lengthy criminal record or the risk that defendant would commit other crimes, a factual basis for the sentence is present and it is not necessary for the trial court to enumerate each factor under the article. State v. Lewis, 489 So.2d 1055 (La.App. 1st Cir.), cert. denied, 493 So.2d 1218 (La.1986).
The maximum sentence for aggravated battery is ten years at hard labor and a fine of $5,000.00. LSA-R.S. 14:34. In sentencing defendant to five years at hard labor, the trial court imposed a sentence in the mid-range of the sentencing scale. Under the circumstances, we cannot say that defendant’s sentence is excessive.
Accordingly, for the above reasons, the conviction and sentence are affirmed.
AFFIRMED.

 Defendant was originally charged with attempted second degree murder, in violation of LSA-R.S. 14:27, 14:30.1.