GOTHARD, Judge.
This appeal is from a sentence of ninety-nine years for armed robbery. We affirm.
Wayne Gilbert, age 20 years, was charged with armed robbery in violation of LSA-R.S. 14:64, convicted by a jury on December 2, 1986, and sentenced on December 18, 1986 to serve ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. The state had presented a multiple offender bill at the sentencing hearing; however, the trial had not apprised the defendant of his rights before the defendant admitted to a *1314 prior felony conviction. On appeal this court affirmed the conviction but vacated the sentence and remanded for resentenc-ing. State v. Gilbert, 520 So.2d 1184 (La. App. 5th Cir.1988).
On remand, the state withdrew the multiple offender bill, and after a new sentencing hearing the trial judge again sentenced Gilbert to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence.
On appeal the defendant makes two assignments of error: 1) excessiveness of sentence and 2) any and all errors patent on the face of the record.
The law on excessiveness of sentence was set out by a panel of this court recently in State v. Franklin, 519 So.2d 292, 293 (La.App. 5th Cir.1988):
Article I, Section 20 of the Louisiana Constitution of 1974 mandates that a defendant shall not be subjected to cruel, excessive or unusual punishment. A sentence, although falling within statutory guidelines, may violate a defendant’s right against excessive punishment and is therefore reviewable on appeal. State v. Telsee, 425 So.2d 1251 (La.1983). A sentence is excessive if “grossly out of proportion to the severity of the crime” or “nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987).
C.Cr.P. art. 894.1 sets forth guidelines for the court to consider in imposing sentence. In order to facilitate adequate review, there should be an indication in the record that the trial court considered both aggravating and mitigating factors of C.Cr.P. art. 894.1 in imposing sentence. State v. Davis, 449 So.2d 452 (La.1984)....
In pronouncing the sentence upon Gilbert, the trial judge articulated the factors he considered in rendering the maximum sentence for armed robbery:
... in the three years since you’ve become an adult for criminal purposes your record is absolutely one of horror. You’ve committed batteries and burglaries, although you have only one conviction, that being the conviction before Judge Tiemann in April of ’86. Subsequent to that conviction while you were on probation on the 28th day of August, ’86 it is alleged that you committed armed robbery. Despite what you tell this Court this Court is absolutely convinced that you are the offender in this particular situation. This Court is also convinced likewise that your prior juvenile record indicates not only your total disrespect for the law, but your total disrespect for the rights, property, privacy and safety of others. Further, this Court is convinced that by your prior records your rehabilitation cannot be accomplished and you have indicated no ability to be rehabilitated. You have neither sought rehabilitation. Because of your prior records I’m convinced that society would suffer because of your activity. Society does not have to tolerate that type of activity or have people like you in the community.
Accordingly, under the guidelines of 894.1 and after having considered all of the mitigating circumstances this Court specifically finds that there is an undue risk that during the period of a suspended sentence or probation you would commit another crime. This is indicated by your present criminal record and your juvenile record. You are in need of a custodial environment provided most effectively by your commitment to an institution which would neither lessen nor deprecate from the seriousness of your crime.
Mr. Shields, the manager of a service station, was held up at gun point. It was only by the grace of God that the gun did not go off.
The judge set out the three circumstances under which a convicted felon should be sentenced to imprisonment under La.C.Cr. P. art. 894.1(A): that there is a substantial risk of his committing another crime, that he needs the custodial environment best *1315 provided by institutionalization and that a lesser sentence would deprecate the seriousness of the crime. In so doing he took into account the defendant’s previous criminal record including his juvenile activities, as permitted by our criminal laws. State v. Johnson, 459 So.2d 1316 (La.App. 1st Cir.1984); State v. Lewis, 509 So.2d 848 (La. App. 1st Cir.1987). He indicated he had considered mitigating factors. Ninety-nine year sentences for armed robbery under similar circumstances were upheld in State v. Parker, 506 So.2d 675 (La.App. 5th Cir.1987), State v. Jack, 448 So.2d 725 (La.App. 5th Cir.1984) and State v. Williams, 482 So.2d 1090 (La.App. 3rd Cir.1986).
A patent error search was conducted in the prior appeal. We find none in the resentencing.
Accordingly, the sentence appealed from is affirmed.
AFFIRMED.