594 So.2d 1063 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Sixto LOZADO, Defendant-Appellant.
No. Cr91-398.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*1064 Elvin Fontenot, Jr., Leesville, for defendant-appellant.
Mark Kramar, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This criminal appeal concerns guilty pleas to ten misdemeanor thefts of items having a value of less than $100, violations of LSA-R.S. 14:67(B)(3), and five counts of simple burglary, violations of LSA-R.S. 14:62. The sentencing court sentenced defendant as follows: (1) on the simple burglary convictions defendant received six years at hard labor, to run concurrently; (2) on the first six misdemeanor thefts defendant was ordered to serve six concurrent six month sentences in the parish jail and pay a $250 fine on each conviction; these sentences were ordered served consecutive to the felony sentences, and defendant was placed on supervised probation for two years under special conditions of probation; (3) on the next three misdemeanor theft convictions, defendant received three suspended concurrent six month sentences, a $250 fine on each, and was required to serve a two year period of probation (subject to the same special conditions) concurrent with the probationary time given in the first six convictions of misdemeanor theft; and, (4) on the last misdemeanor theft conviction, defendant was given a suspended six month sentence, ordered to pay a $250 fine, and was placed on an additional two year period of probation (subject to the same special conditions) to commence at the conclusion of the probationary period designated on the first nine misdemeanor theft convictions.
Defendant appeals, contending that the trial court erred in denying his motion to suppress the evidence, and in imposing excessive sentences. We affirm defendant's convictions, finding that defendant failed to properly reserve his right to contest the trial court's ruling on the motion to suppress. However, we vacate defendant's sentences, finding errors patent, and remand for resentencing.

FACTS
At approximately 1:00 a.m. on April 15, 1990, Louisiana State Trooper Daniel Cedars saw a Dodge Omni leave a private driveway from the Double A Storage buildings on Highway 171 near Leesville. Trooper Cedars stated that as the car came out of the driveway without stopping, he estimated that it was traveling between twenty and twenty-five miles per hour. Because of the high rate of speed of the vehicle as it entered the highway, Trooper Cedars decided to stop the car.
The Dodge Omni contained four people. The driver and two passengers were in the front seat; defendant was subsequently seen in the back seat, partially concealed by various boxes and packages. After stopping the vehicle, Trooper Cedars testified that he contacted another officer who met him at the scene. The additional officer was then sent to the storage buildings, where it was determined that several locks had been cut, and storage buildings had been broken into.
Trooper Cedars obtained the consent of the driver of the vehicle, James Moore, to search the vehicle. Boxes of goods, later related to be items which had been in the locked storage buildings, were seen in plain view. Additionally, a search of the vehicle yielded two bags of marijuana; one was found underneath a seat in the vehicle, and the other was discovered on the ground beneath the vehicle.
Defendant and the other occupants of the vehicle were arrested.
Three bills of information were ultimately brought against defendant, charging him with sixteen counts of simple burglary; eleven counts of theft of goods valued over *1065 five hundred dollars; two counts of theft of goods valued between one hundred and five hundred dollars; and, one count of theft of goods valued less than one hundred dollars.
Defendant waived formal arraignment and pleaded not guilty to the charges contained in the bills of information. Subsequently, defendant filed a motion to suppress evidence which was denied by the trial court on the ground that the motion had been heard and ruled upon in a connected criminal action brought against defendant for his possession of marijuana seized at the time of defendant's arrest.
Eventually, defendant withdrew his former pleas of not guilty and entered guilty pleas to five counts of simple burglary and ten counts of misdemeanor theft.[1] Pursuant to the plea agreement, the State announced to the trial court its intention to dismiss the remaining charges brought against defendant.
After being sentenced as enumerated hereinabove, defendant perfected this appeal.

MOTION TO SUPPRESS
Defendant first contends that the trial court erred in denying his motion to suppress evidence. We pretermit defendant's argument, finding it improperly before us.
In the case of State v. Williams, 498 So.2d 1201, 1202 (La.App. 3rd Cir.1986), we stated:
"It is well established that a guilty plea waives all non-jurisdictional defects in the proceedings prior to entry of the guilty plea and precludes review of such defects either by appeal or by post-conviction remedy. State v. Jenkins, 419 So.2d 463 (La.1982).; State v. McKinney, 406 So.2d 160 (La.1981); State v. Crosby, 338 So.2d 584 (La.1976); State v. Champagne, 461 So.2d 1059 (La.App. 3rd Cir. 1984). A defendant may be allowed appellate review if at the time he enters a plea of guilty, he expressly stipulates that he does not waive his right to appeal a previous adverse ruling in the case. State v. McKinney, supra; State v. Crosby, supra."
We have carefully reviewed the transcript of defendant's guilty pleas, and find that he did not expressly preserve his right to appeal the denial of the motion to suppress at the time of his plea. Therefore, we find that since defendant failed to properly preserve his right of appellate review of the ruling on the motion to suppress, he has no right to now seek appellate review of the trial court's ruling.

ERRORS PATENT REVIEW
Defendant has urged us to vacate his sentences on the ground that they are excessive. In reviewing defendant's assignment of error, we find errors patent on the face of the record which require us to vacate defendant's sentences and remand to the sentencing court for resentencing. Accordingly, we do not reach defendant's assignment of error.
The first sentencing problem concerns the sentences defendant received for the simple burglary convictions to which he entered guilty pleas. At the sentencing, the sentencing court stated:
"On each of the five felony counts, one in [bill of information] 44,778, two in [bill of information] 44,779 and one in [bill of information] 44,780, the sentence of the Court is that you serve six years at hard labor with the Louisiana Department of Corrections."
From the sentencing colloquy, it is ambiguous whether the defendant has been sentenced on all the felony counts to which he entered guilty pleas. Initially, the sentencing court indicated that it is imposing sentence on five felonies; yet, when it enumerated the felonies, it enumerated only four felonies. Therefore, since a sentence was contemporaneously imposed on a group of *1066 felonies, it is necessary that we vacate the sentences imposed, and remand to the sentencing court with instructions to remove the ambiguity which surrounds the sentences on the simple burglary convictions.
The next error involves the sentence imposed on defendant for the guilty pleas he entered to the first six misdemeanor theft counts. At the sentencing, the court stated:
"As to the misdemeanors, the six misdemeanor counts in 44,778on each of those counts you will serve six months in the Parish jail and pay a fine of $250.00 plus costs. Those sentences will be made to run consecutive to the felony sentence, but concurrent with each other. You will be placed on supervised probation for a period of two years to begin to run upon your release."
In essence, the sentencing court sentenced defendant to the maximum term of imprisonment and tacked on an additional two years of supervised probation.
In State v. Givens, 403 So.2d 65 (La. 1981), the defendant was sentenced to six months in jail and a fine of five hundred dollars for his conviction of simple possession of marijuana, a misdemeanor offense. In addition, defendant was placed on active probation for a period of two years. Commenting on defendant's sentence in that case, the Louisiana Supreme Court stated, "La.C.Cr.P. art. 894 authorizes probation in misdemeanor cases when the trial court has suspended the sentence in whole or in part." (Emphasis added.) Finding that the added two year probationary period exceeded the sentencing court's authority under Art. 894, because defendant's sentence was not suspended in whole or part, the reviewing court vacated defendant's sentence and remanded the case for resentencing.
In the case sub judice, there is no mention in the sentencing colloquy that defendant's sentence on these six misdemeanor convictions was suspended either in whole or in part.[2] Considering the court's pronouncement in Givens, we likewise conclude that the additional two year probationary period imposed on defendant exceeds the trial court's authority under Art. 894. Therefore, we vacate the sentences imposed by the sentencing court on these six misdemeanor convictions and remand the case to the sentencing court for resentencing.
In reaching this conclusion, we must furthermore vacate the sentences imposed on the remaining four misdemeanor theft convictions since each of those sentences was structured around the felony and misdemeanor sentences hereinabove vacated by us. Because of this, we further find it necessary to comment on some of the special conditions of probation imposed by the sentencing court.
The sentencing court specifically provided that defendant would make restitution to the victims according to a pay plan, that he would pay the fine and costs according to a pay plan, and that if he failed to do so that he would have to give the equivalent in community services to be approved by the court. Initially, we note that restitution can only be ordered when suspension of sentence is given. State v. Delatte, 504 So.2d 1067 (La.App. 1st Cir. 1987). Furthermore, the jurisprudence has stated that in ordering restitution and payment according to a pay plan, it is necessary that the sentencing court announce the payment formula. In State v. Gross, 517 So.2d 456 (La.App.1987) and State v. Rogers, 517 So.2d 428 (La.App.1987), our brethren of the First Circuit remanded the cases to the sentencing court so that an exact determination of the amount of restitution owed by the defendant could be made. Accordingly, we find it appropriate to advise the sentencing court to set the amount of restitution, to provide the defendant with a payment plan, and to stipulate *1067 with specificity the community service which will be expected.
Lastly, we bring to the sentencing court's attention the provisions of LSA-C.Cr.P. Arts. 895 and 895.1 which require that before the sentencing court orders the payment of a fee to defray the expenses of probation supervision and the making of restitution to the Indigent Defender Board, it must suspend defendant's sentence.
For the foregoing reasons, we affirm defendant's convictions, but vacate his sentences and remand these cases to the sentencing court for resentencing.
CONVICTIONS ARE AFFIRMED; SENTENCES ARE VACATED AND THIS CASE IS REMANDED TO THE TRIAL COURT FOR RESENTENCING.
NOTES
[1] The bills of information were never amended to reflect the plea agreement. Nevertheless, we find that this was unnecessary since defendant pleaded to charges which were lesser included offenses to the original charges brought against him. LSA-C.Cr.P. Art. 558; State v. Price, 461 So.2d 503 (La.App. 3rd Cir.1984).
[2] We note that the court minutes indicate that the sentencing court suspended defendant's six month sentences for these six misdemeanor convictions. When there is a discrepancy between the minute entry and the transcript, the jurisprudence has uniformly held that the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Maxwell, 554 So.2d 769 (La.App. 5th Cir.1989).