FREDERICKA HOMBERG WICKER, Judge.
| ¡Appellant, Braccarie Ramsey, timely appeals his December 18, 2009 conviction, assigning as error the trial court’s judgment granting the State’s motion to quash a subpoena duces tecum directed to the Jefferson Parish Sheriffs Office. In the subpoena, Mr. Ramsey sought documents relevant to the confidential informant who worked with the investigating detectives in this case. For the reasons fully discussed below, the appellant’s convictions and sentences are affirmed.
Facts and Procedural History
The defendant, Braccarie Ramsey, was arrested on March 20, 2007, when police executed a search warrant at his home, seizing, inter alia, a handgun, 10.25 Impounds of marijuana, and 600 grams of cocaine. Prior to the arrest, Lt. Daniel Jewell, a narcotics officer with the Jefferson Parish Sheriffs Office (JPSO) received information from a confidential informant that implicated the defendant, whom the informant referred to as either “Black” or “Brae.”
According to Lt. Jewell, the confidential informant stated that a black male whom he identified as “Black” or “Brae” was selling drugs from his home. The informant gave Lt. Jewell the defendant’s address and physical description as well as a description of his vehicle including the license plate number. Lt. Jewell verified the license plate number through the state’s computer and discovered that the vehicle was registered to Braccarie Ramsey. Lt. Jewell then checked Mr. Ramsey’s criminal history which revealed that he had a tattoo on his left arm that read “Lil Brae.” From that information, Lt. Jewell ascertained that Braccarie Ramsey and the person the confidential informant identified as “Brae” were one and the same.
After obtaining this information, Lt. Jewell provided the informant with funds in order to make a controlled buy of narcotics from Mr. Ramsey. Lt. Jewell testified that the informant was under continued surveillance throughout the entirety of the transaction. Once the purchase was consummated and while still under surveillance, the informant met Lt. Jewell at a predetermined location and tendered to him an amount of marijuana commensurate with the money Lt. Jewell had given him. The informant indicated that he had purchased the marijuana from “Brae.” A preliminary field test revealed the substance to be marijuana. Lt. Jewell then secured a search warrant which ultimately led to Mr. Ramsey’s arrest.
Mr. Ramsey was charged by bill of information on April 16, 2007, with the following violations:
|4Count 1: La. R.S. 14:95.1 — Possession of a firearm by a convicted felon;
Count 2: La. R.S. 40:966(A) — Possession with intent to distribute marijuana; and
Count 3: La. R.S. 40:967(F) — Possession of cocaine in excess of 400 grams.
On September 25, 2008, Mr. Ramsey tendered not guilty pleas on each count and subsequently filed an “Application for Subpoena Duces Tecum” directed to the JPSO wherein he sought, inter alia, any documents pertaining to the “use, payment or employment of a confidential informant,” specifically stating he did not wish to ob *39 tain the informant’s identity. The Jefferson Parish Sheriffs Office filed a motion to quash arguing that the requested documents were protected under La. R.S. 44:3(A)(2) which provides:
Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, or publicly owned water districts of the state, which records are: (2) records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information.
At the hearing on the matter, the trial court granted the motion to quash and denied defense counsel’s request to review documents in camera that the defendant argued would negate the State’s assertion that a controlled buy had occurred. Mr. Ramsey sought supervisory review in both this Court and the Louisiana Supreme Court; both denied relief. State v. Ramsey, 09-K-306, (La.App. 5 Cir. 5/14/09) (unpublished), writ denied, State v. Ramsey, 09-1289 (La.9/25/09), 18 So.3d 75.
Thereafter, at the hearing on the motion to suppress the evidence, Lt. Jewell testified that the sheriff did indeed possess a form relevant to the confidential informant’s controlled purchase in this case, a voucher for purchase, that would not reveal the confidential informant’s identity. Mr. Ramsey reurged the argument |smade at the hearing on the application for subpoena duces tecum, arguing that, based on Lt. Jewell’s testimony, the voucher would not fall within the confines of La. R.S. 44:3. Mr. Ramsey again requested that the court view the voucher in camera to determine whether in fact a controlled buy had occurred. The trial court again denied the request, also denying the motion to suppress.
On December 18, 2009, Mr. Ramséy withdrew his not guilty pleas and pled guilty to all counts pursuant to State v. Crosby, 338 So.2d 584 (La.1976) whereby he reserved his “right to appeal the Court’s rulings on his pretrial motions.” He signed the Boykin form and was advised, during the colloquy with the trial judge, of his right to a jury trial, the right of confrontation, and the privilege against self-incrimination. He acknowledged that he understood those rights and wished to waive them.
Pursuant to a plea agreement, Mr. Ramsey was sentenced to 15 years imprisonment at hard labor on each count with the sentences to run concurrently. The sentences on count one and three, however, were imposed without benefit of probation, parole, or suspension of sentence. In addition, Mr. Ramsey was fined $250,000 on count three. The State filed a multiple offender bill as to count two. Mr. Ramsey pled guilty to the multiple-bill pursuant to La. R.S. 15:529.1 and was adjudged to be a second felony offender. The sentence imposed as to count two was vacated and Mr. Ramsey was sentenced to 15 years imprisonment at hard labor without probation or suspension of sentence which was to be served concurrently with the sentences imposed as to counts one and three.

Crosby Plea

Before considering the merits of Mr. Ramsey’s appeal, we will address the State’s assertion that Mr. Ramsey failed to properly reserve the trial court’s ruling granting the motion to quash the subpoena duces tecum. The State argues that jj)ecause the appellant failed, at the time he entered his guilty plea pursuant to *40 State v. Crosby, to specify which pre-trial rulings he desired to preserve for appeal, this Court is limited to a review of eviden-tiary rulings which “go to the heart of the prosecution’s case.” State v. Joseph, O3-315, p. 2 (La.5/16/03), 847 So.2d 1196, 1197.
Mr. Ramsey tendered a guilty plea pursuant to Crosby approximately two months after the trial court denied his motion to suppress the evidence. It is well settled that a plea of guilty normally waives all nonjurisdictional defects in the proceedings prior to the plea. Crosby, supra at 586, citing State v. Torres, 281 So.2d 451 (La.1973); State v. Foster, 263 La. 956, 269 So.2d 827 (1972). However, a defendant may be allowed appellate review, if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Raines, 00-1942, (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632, citing State v. Crosby, 338 So.2d 584 (La.1976); see also State v. McCoil, 05-658, p. 4 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1122.
When Mr. Ramsey tendered his guilty plea pursuant to Crosby, he stated that he wished to reserve his “right to appeal the Court’s rulings on his pretrial motions”, however, contrary to Crosby, he did not state which specific adverse ruling he wished to appeal. Although Mr. Ramsey did not state, with specificity, which ruling he wished to reserve for appeal, the Louisiana Supreme Court held in State v. Joseph, supra; “a defendant’s failure to specify which pre-trial ruling he desires to reserve for appeal as part of a guilty plea entered pursuant to Crosby, may limit the scope of appellate review but does not preclude review altogether.” see also State v. Boss, 04-457, p. 4 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 584 n. 4. “Absent a detailed specification of which adverse pre-trial ruling the defendant reserved for appellate review as part of his guilty plea, an appellate court ^should presume that the trial court permitted a Crosby reservation no broader than necessary to effectuate the underlying purpose of conditional guilty pleas.” Id. at 1196-7.
In this case, Mr. Ramsey’s objection to the granting of the motion to quash was duly noted at the hearing. Moreover, the district court judge to whom Mr. Ramsey tendered his Crosby plea was the same judge who granted the motion to quash. The district court has very great and virtually unreviewable discretion to reject rather than accept a guilty plea conditioned upon reservation of appellate review of pre-plea assignments of non-jurisdictional error. Crosby, supra at 590. Accordingly, we find that Mr. Ramsey’s reservation of the adverse pre-trial ruling, granting the motion to quash, is sufficient under Crosby to reserve the current issue for appeal. Law of the Case
The State further submits that Mr. Ramsey’s appeal should not be considered based on the “law of the case” doctrine. Mr. Ramsey previously sought supervisory review of the district court’s decision granting the motion to quash the subpoena duces tecum without viewing the requested documents in camera. As this Court held in In re K.P.W, Jr. 03-1371, 03-1372 (La.App. 5 Cir. 5/26/04), 875 So.2d 903, 905-6:
The law of the case principle is a discretionary guide which relates to,[], the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. It applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process. The reasons for the law of the case doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both *41 parties by affording a single opportunity for the argument and decision of the matter at issue. An appellate court’s denial of supervisory writs does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue. Reconsideration is warranted when, in light of a subsequent trial record, it is apparent that the earlier determination was patently erroneous Rand produced unjust results. [However], if the court of appeal merely declines to exercise its supervisory jurisdiction, because it feels that the situation is not appropriate for such exercise ..., and does not decide the substance of the issue raised by the writ application then there is no “decision” as to that issue to be given effect as the law of the case. If the court of appeal does decide the substance of an issue raised by an application for supervisory writs, then that- decision will be given effect later as the law of the case just as if that decision had been rendered upon an appeal.
Though this Court denied Mr. Ramsey’s writ application, we did consider the substance of the issue currently raised on this appeal and found no error in the trial court’s grant of the motion to quash in the absence of an in camera review. State v. Ramsey, 09-K-306 (La.App. 5 Cir. 5/14/09) (unpublished). Because this Court has previously considered the substantive issue of this appeal, our previous decision is the “law of the case.” Although we find no patently erroneous or unjust result in our prior decision, we acknowledge that our explanation of why this Court denied Mr. Ramsey’s writ application was limited. Therefore, we will expound on the reasons writs were initially denied.
Assignment of Error
Mr. Ramsey contends that the district court erred in granting the motion to quash the subpoena duces tecum without conducting an in camera inspection.
Discussion
Louisiana has a strong public policy in favor of protecting the identity of confidential informants. Confidential informant identity and information pertaining to them are considered privileged information under La. R.S. 44:3. State v. Glosson, 36-999, p. 10 (La.App. 2 Cir. 4/11/03), 843 So.2d 649, 655. This privilege is founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging people to supply information to the police by protecting their anonymity. State v. Smith, 09-259, p. 9 (La.App. 5 Cir. 911/24/09), 28 So.3d 1092, 1097 citing State v. Clark, 05-61 (La.App. 5 Cir. 6/28/08), 909 So.2d 1007, 1015.
In this case, Mr. Ramsey seeks to examine a voucher that Lt. Jewell testified would not reveal the confidential informant’s identity. Although the voucher may not reveal the confidential informant’s name, La. R.S. 44:3(A)(2) exempts from disclosure, any record that would tend to reveal the identity of a confidential source of information. The probable cause affidavit in this case states that -the lieutenant met with the informant within 48 hours, of the issuance of the search warrant. This fact, coupled with the information that may be present on the voucher, particularly the amount of funds used to make the purchase, has the potential to orient Mr. Ramsey to the informant’s identity.
The defendant bears the burden of demonstrating exceptional circumstances pertaining to his defense before disclosure is required. State v. Washington, 93-222, p. 3 (La.App. 1 Cir. 11/10/94), 646 So.2d 448, 451. Wide discretion is vested in the trial court to determine when disclosure is proper. Id. Mr. Ramsey has *42 not shown any exceptional circumstances that would warrant disclosure. Therefore, the district court did not err in granting the motion to quash.
Mr. Ramsey also contends that the district court should have conducted an in camera inspection before granting the motion to quash. However, “the court may conduct an in camera inspection to determine the nature of the requested materials,” but it is not required to do so. State v. Dunn, 94-776, p. 7 (La.App. 5 Cir. 2/15/95), 651 So.2d 1378, 1388.
Because we have already considered the substance of Mr. Ramsey’s claim in his application for supervisory writs, that decision is deemed the “law of the case.” Accordingly, Mr. Ramsey’s convictions and sentences are affirmed.
11flError Patent Discussion
We have reviewed the record for errors patent in conformity with La.C.Cr.P. art. 920. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that there are errors patent.
A review of the record reflects that Mr. Ramsey was not properly advised of the time delay within which to file an application for post-conviction relief. Although the commitment reflects the correct time delay, the Boykin form and trial transcript only state that Mr. Ramsey was informed that he had “two years from today’s date to seek post-conviction relief.”
In the past, this Court has ordered the trial court to properly advise defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within ten days of the rendition of this Court’s opinion and then to file written proof in the record that defendant received the notice. However, in State v. Morris, 40,322 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363, the Second Circuit corrected this error patent by way of its opinion rather than a remand. State v. Davenport, 08-463, p. 11 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 447.
Accordingly, we hereby advise Mr. Ramsey that, pursuant to La.C.Cr.P. art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. art. 914 or 922.
In addition, the transcript indicates that Mr. Ramsey was fined $250,000 as to count three. That fine, however, is not reflected on the commitment or on the Boykin form. Where the transcript and the minute entry conflict, the transcript governs. State v. Jarrow, 08-743, p. 8 (La.App. 5 Cir. 2/25/09), 9 So.3d 905, 910; State v. Lynch, 441 So.2d 732, 734 (La.1983). We therefore remand with an order |nthat the district court amend the commitment to conform to the transcript. Id. The district court is directed to make an entry in the minutes reflecting this change and the clerk of court is directed to transmit the original of the minute entry to the officer in charge of the institution to which the Mr. Ramsey has been sentenced. La.C.Cr.P. art. 892(B)(2). State ex rel Roland, v. State, 06-0244, (La.9/15/06), 937 So.2d 846.

AFFIRMED; REMANDED WITH INSTRUCTIONS.