517 So.2d 456 (1987)
STATE of Louisiana
v.
Clarence GROSS.
No. 87 KA 0716.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*457 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge, by Robert Piedrahita, Asst. Dist. Atty., for plaintiff/appellee.
Bonnie Jackson, Asst. Public Defender, Michele Fournet, Appellate Counsel, Office of the Public Defender, for defendant/appellant.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
Clarence Gross was charged by bill of information with theft of property valued at one hundred dollars or more, but less than five hundred dollars. LSA-R.S. 14:67. Defendant withdrew his original plea of not guilty, pled guilty as charged, and was subsequently sentenced to a term of three years imprisonment in the custody of the Louisiana Department of Public Safety and Corrections. In July of 1987, several months after the appeal order was entered, the trial court vacated the three year sentence, apparently realizing that the sentence was illegal because it exceeded the statutory maximum for the instant offense.[1] Thereafter, the trial court sentenced defendant to a two year term of imprisonment in the custody of the Louisiana Department of Public Safety and Corrections. Execution of the sentence was suspended, and defendant was placed on supervised probation for a period of three years with special conditions.[2]
In bringing this appeal, defendant urges as his sole assignment of error that the trial court erred by imposing an excessive sentence and failing to comply with the sentencing guidelines of Louisiana Code of Criminal Procedure article 894.1.
A trial court has wide discretion in the imposition of sentences within statutory limits. Given compliance with the sentencing guidelines of LSA-C.Cr.P. art. 894.1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La. App. 1st Cir.1984). A trial court should exercise its sentencing discretion to impose sentences graded according to the individual circumstances of the offense and of the offender. State v. Sepulvado, 367 So.2d 762 (La.1979).
In imposing sentence, the trial court adequately contemplated these sentencing guidelines. The trial court considered the presentence investigation report and that this was defendant's first felony conviction. However, the trial court also noted that defendant has been arrested eight times in the past eight years and gainfully employed for only three days since December of 1986.
As part of defendant's probated sentence, he was ordered to make restitution to the victim; however the court failed to state an amount. When a trial court suspends the imposition or execution of a sentence and places a defendant on probation *458 the court is required to follow the mandate of LSA-C.Cr.P. art. 895.1 A. as follows:
A. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any monetary loss or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim. The payment shall be made, in the discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
(Emphasis added.)
This article, as well as LSA-C.Cr.P. art. 895(A)(7),[3] requires the court to set the amount of restitution. In this respect, that condition of probation is deficient. However, conditions of probation are subject to modification at any time. LSA-C.Cr.P. art. 896. Hence, in affirming the sentence, we will vacate that condition of probation and instruct the trial court to fix the amount of restitution.
Subject to the remedial action indicated, this assignment of error is without merit. We hold that the defendant is reserved the right for further review by appeal to this Court after the trial court determines the amount of restitution.
The sentence is affirmed, but the condition of probation ordering restitution to the victim is vacated. The trial court is instructed to determine the amount of restitution.
VACATED IN PART, AND AFFIRMED.
NOTES
[1] The trial court retains jurisdiction to correct an illegal sentence after entering of the order of appeal. See LSA-C.Cr.P. art. 916(3).
[2] As special conditions of probation, defendant must pay $10.00 per month to the Division of Parole and Probation, obtain a G.E.D., not consume alcohol or narcotics, not commit any felony offenses or misdemeanor thefts, and make restitution to the victim of the instant offense.
[3] We also note that under LSA-C.Cr.P. art. 895 the trial court, upon suspending the imposition or execution of a sentence and placing defendant on probation, has the power to require defendant to:

Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court.
LSA-C.Cr.P. art. 895(A)(7).