551 So.2d 701 (1989)
STATE of Louisiana
v.
Maurice GALLOWAY.
No. KA 88 1561.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
*702 William R. Campbell, Jr., Attorney for State, New Orleans, Walter P. Reed, Dist. Atty., Covington, for appellee.
Marion B. Farmer, Covington, for appellant.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
Maurice Galloway was charged by bill of information with two counts of second-degree battery, violations of LSA-R.S. 14:34.1. He was tried by a jury, acquitted on the first count and convicted on the second.
*703 The trial court sentenced him to serve five years at hard labor. The sentence was suspended, and defendant was ordered to serve five years on supervised probation with several special conditions.[1] Defendant has appealed, urging three assignments of error:
1. The trial court erred by limiting closing argument to ten minutes.
2. The trial court imposed an excessive sentence.
3. The evidence is not sufficient to prove beyond a reasonable doubt the verdict rendered.

FACTS
Defendant was charged with the second-degree batteries of his aunt, Irene Bedell, and Curt Blackwell, her former husband.[2] He was convicted of the second-degree battery of Curt Blackwell and acquitted of the second-degree battery of Irene Bedell. The charges arose from an incident wherein defendant claimed that Ms. Bedell trespassed upon property belonging to his eleven year old son and mowed down several small pecan trees. An altercation followed in which defendant and his wife, their son, Ms. Bedell, and Mr. Blackwell all participated. Mr. Blackwell later sought medical attention for injuries he sustained in the incident.

LIMITATION OF CLOSING ARGUMENT
In assignment of error number one, defendant submits that the trial court erred by limiting closing argument to ten minutes per side. He contends this limit denied his right to due process of law, preventing him from effectively summarizing the testimony and evidence adduced at trial.
All matters pertaining to the conduct of the trial are within the sound discretion of the trial judge. Necessarily, the trial judge is given wide discretion in controlling the conduct and orderly process of the trial. He has the authority and duty to require that the trial be conducted with dignity and in an orderly and expeditious manner. La. Const. Art. 5, § 1; LSA-C. Cr.P. art. 17; State v. Kirkpatrick, 443 So.2d 546, 557 (La.1983), cert. denied, 466 U.S. 993, 104 S.Ct. 2374, 80 L.Ed.2d 847 (1984). Defendant has not set forth a particular way in which he was prejudiced by the court's ruling or a specific argument which he was forced to omit. Therefore, we find no abuse of discretion. This assignment of error has no merit.

EXCESSIVE SENTENCE
In assignment of error number two, defendant maintains that the court imposed an excessive sentence. He contends the evidence established that the victim was not seriously hurt and, therefore, the maximum sentence was not justified. However, due to the discovery of an error patent on the face of the record, the sentence imposed must be vacated and this matter remanded for resentencing. Accordingly, we do not consider the merits of defendant's complaint at this time.
In imposing sentence, the court required as a condition of probation that defendant pay "all of the medical bills incurred by Mr. and Mrs. Blackwell on that evening." LSA-C.Cr.P. art. 895(A)(7) permits the trial court to "make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court." See also LSA-C.Cr.P. art. 895.1, which requires the court to order restitution in cases where the victim or his family has suffered any monetary loss or medical *704 expense. However, when a trial court suspends the imposition or execution of a sentence and places a defendant on probation, the court is required to set the amount of restitution. LSA-C.Cr.P. art. 895.1(A); State v. Gross, 517 So.2d 456, 457-458 (La. App. 1st Cir.1987). The sentence imposed is defective for failure to state a specific amount to be paid in restitution.
Moreover, according to the testimony of Irene Bedell, she and Curt Blackwell had previously been married; however, at the time of this incident, they were divorced, although they resided in the same household. Defendant was acquitted of all charges involving Irene Bedell. Thus, she was not a victim or an aggrieved party of this offense; nor was she a family member whose expenses were eligible for restitution under either LSA-C.Cr.P. arts. 895 or 895.1.
In State v. Labure, 427 So.2d 855, 857 (La.1983), the Louisiana Supreme Court noted patent error in the requirement that the defendant pay restitution to the victim of a burglary charge that was dismissed as part of a plea bargain in which the defendant agreed to plead guilty to a remaining burglary count. The Court specifically found that, since the victim of the dismissed charge was not an "aggrieved party" or a "victim" in connection with the offense to which the defendant pled guilty, restitution to him could not be required as a condition of probation. Accordingly, it was inappropriate for the court to require defendant to pay restitution for the medical expenses incurred by Ms. Bedell.
Because of this error patent, we vacate the condition of restitution and remand this matter for imposition of a new condition. Defendant is free to appeal anew after imposition of the new sentence.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number three, defendant submits that the evidence is not sufficient to sustain the verdict. He maintains that the state failed to prove that he inflicted serious bodily injury; rather, since the victim sustained only a swollen nose and split lip, the evidence supported at best a verdict of simple battery.
The proper procedural vehicle for raising the issue of sufficiency of the evidence is by a motion for post-verdict judgment of acquittal. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). The standard set forth in Article 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
LSA-R.S. 14:34.1 defines serious bodily injury as "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." The essential elements of second degree battery, which must be proven beyond a reasonable doubt, are: (1) the intentional infliction by the defendant, (2) of "serious bodily injury" upon the victim. State v. Accardo, 466 So.2d 549, 551 (La. App. 5th Cir.), writ denied, 468 So.2d 1204 (La.1985).
Defendant was approximately forty-five years old at the time of this offense. The victim was an elderly male, who suffered from diabetes and had recently undergone open-heart surgery. He testified that defendant hit him in the mouth with his fist and "knocked me out." He related that defendant hit him at least twice with a closed fist; and, as he lay on ground, defendant "stomped" his chest and groin. Mr. Blackwell further testified that his vision was limited because his eyes were clouded with blood. He was unable to relate the events that transpired after one of his neighbors left to summon the police because "I was pretty well knocked out by then." He also testified that he was hospitalized the night of the incident because he had lost so much blood that he occasionally lost consciousness.
Dr. Richard Sanders, a family practitioner in Covington, Louisiana, testified that he examined Curt Blackwell on the day of the incident. He related that the victim's lip *705 was totally severed and several sutures were required to close it. He further related that the victim was slow to respond and experienced intermittent confusion. The victim also had a large amount of blood in his nose, and his nose was swollen. He suffered from a large hematoma on his scalp near his eye and mild lacerations to one of his extremities. Dr. Sanders further testified that, in his opinion, the victim's injuries would have caused him extreme physical pain.
In light of the testimony presented at trial, we find that any rational trier of fact could have found beyond a reasonable doubt that defendant's actions caused serious bodily injury. The victim's testimony established that he suffered bouts of unconsciousness on the day of the incident. Dr. Sanders's testimony established that the victim's nose and mouth were disfigured, and his mental faculties were impaired. Although the victim himself was not specifically asked whether or not he suffered extreme pain from his injuries, Dr. Sanders testified that, in his opinion, the victim must have suffered extreme pain; and, in light of the victim's overall health, the injuries he suffered were quite serious. Accordingly, this assignment of error has no merit, and the jury verdict is affirmed.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] The court imposed the following special conditions:

(1) Defendant is to pay all medical expenses of Irene Bedell and Curt Galloway;
(2) Defendant is to pay $2000.00 fine plus court costs;
(3) Defendant is to pay all costs of probation; and
(4) Defendant is to spend every weekend in the parish jail for one year.
[2] Defendant's wife, Marjorie Galloway, was charged in the same bill of information with the simple battery of Irene Bedell and Curt Blackwell. She was acquitted of the simple battery of Curt Blackwell. The jury was unable to reach a verdict as to the battery of Irene Bedell.