DISCIPLINARY PROCEEDINGS
MARCUS, Justice.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, instituted disciplinary proceedings against José R. Cortina, a member of said association. The committee had previously conducted an investigation of respondent’s alleged single specification of misconduct in accordance with article 15, section 3 of the articles of incorporation of the association. A formal investigative hearing was held. Based on the evidence submitted at the hearing, the committee concluded that respondent was guilty of the specification of misconduct. The committee then filed a petition for disciplinary action against respondent in this court under the provisions of article 15, section 4(c) of the articles of incorporation. The court, by order, appointed Mr. John S. White, Jr., as commissioner to take evidence and file a report with this court setting forth his findings of fact and conclusions of law. Louisiana State Bar Association Articles of Incorporation, article 15, section 6(b) and (d). The commissioner held three hearings at which both the committee and respondent presented evidence. Subsequently, the commissioner filed his report with findings of fact and conclusions of law and recommended disbarment. The committee filed its concurrence in part and opposition in part to the commissioner’s report. In its brief to this court, the committee recommended that respondent be disbarred from the practice of law.
At oral argument before this court, respondent, arguing on his own behalf, indicated that he would like to resign from the Louisiana State Bar Association. The court suggested that if he desired to do so, he should submit a written resignation within ten days. Respondent timely filed his written resignation with this court. The committee then filed its opposition in which it argued that respondent’s resignation should not be accepted unless it complies with the Louisiana State Bar Associa *1207 tion Articles of Incorporation, article 15, section 11.
Louisiana courts have discretion to accept an attorney’s resignation in lieu of taking disciplinary action. Louisiana State Bar Ass’n v. Haack, 243 La. 1108, 150 So.2d 32 (1963); Louisiana State Bar Ass’n v. Cohen, 242 La. 838, 138 So.2d 594 (1962); Louisiana State Bar Ass’n v. Pitcher, 238 La. 649, 116 So.2d 281 (1959). In making this determination, courts consider all the aggravating and mitigating circumstances of each particular case. If the court finds that the mitigating circumstances predominate and that policy considerations such as the protection of the public and courts would be served, then the court may accept an attorney’s resignation rather than impose disciplinary sanctions. Haack, 150 So.2d at 35. Many states take a similar approach to this issue, although some place certain conditions upon an attorney’s resignation during a pending disciplinary proceeding. Annotation, Propriety of Attorney’s Resignation From Bar in Light of Pending or Potential Disciplinary Action, 54 A.L.R.4th 264 (1987).
Article 15, section 11 is entitled “Resignations” but governs the formal requirements for disbarment on consent. The text of this article clearly indicates that it applies to disbarments on consent rather than resignations. While subsection (a) indicates that an attorney may resign by submitting a petition and affidavit to this court, subsection (b) expressly states that upon receipt of that petition this court “shall enter an order disbarring the respondent by ‘consent.’ ” In previous cases concerning an attorney’s resignation during pending disciplinary proceedings, this court exercised its discretion to consider the resignation without reference to this article. Accordingly, article 15, section 11 does not apply to the instant case.
In the instant case, the mitigating factors indicate that the. court should accept respondent’s resignation instead of imposing disciplinary sanctions. The committee alleged that respondent was guilty of only one specification of misconduct. Respondent does not have a record of prior ethical violations. The commissioner concluded that respondent had neither a dishonest motive nor an intent to damage his clients. While respondent is highly regarded as a legal scholar who has taught law for ten years, he is relatively inexperienced in the practice of law. He has expressed remorse for his actions and has acknowledged that he should not practice law. Additionally, a civil suit concerning respondent’s liability to his clients is pending. Acceptance of respondent’s resignation, with the condition that he may not seek reinstatement for five years, would achieve the principal purposes of disciplinary action, preservation of the integrity of the profession, and protection of the public and the courts. After the passage of five years, respondent would be eligible to apply for reinstatement according to the requirements of the Louisiana State Bar Association Articles of Incorporation, article 15, section 12.
DECREE
For the reasons assigned, the resignation of José R. Cortina from the Louisiana State Bar Association is accepted. It is ordered that his license to practice law in Louisiana be cancelled and that his name be stricken from the roll of attorneys. Respondent is to bear all costs of these proceedings.
DENNIS, J., concurs with reasons.
COLE, J., dissents.