632 So.2d 335 (1993)
STATE of Louisiana
v.
Jose CORTINA.
No. 93 KA 0363.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Rehearing Denied March 21, 1994.
*337 Richard Ioyeub, Atty. Gen., Office of Atty. Gen., Baton Rouge, by Patricia Jones, Asst. Atty. Gen., for the State.
Jose R. Cortina, in pro per.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Jose Cortina (defendant) was charged by bill of information with two counts of forgery. LSA-R.S. 14:72. He initially pled not guilty to the charges, but subsequently changed his pleas to guilty as charged. After a Boykin hearing, the trial court accepted defendant's guilty pleas. At the sentencing hearing, the court deferred imposition of sentences for five years and, instead, placed defendant on supervised probation for five years with numerous special conditions of probation, which included two years in the parish prison.[1]
Defendant has appealed to this court. Defendant, who was granted co-counsel[2] status, urged fourteen assignments of error, and defense counsel alleged one assignment of error. Defense counsel filed a brief in which he argues the single assignment of error. Defendant subsequently filed an "addendum brief" in which he argues some of the assignments of error he filed with the court. According to the facts adduced at the Boykin examination and the sentencing hearing, on or about April 9, 1986, defendant, with the intent to defraud, signed the names of Abel Villanueva and Ylia Villanueva on a $73,000.00 settlement draft from Commercial Union Insurance Companies. The draft was in settlement of a personal injury lawsuit filed by defendant on behalf of the Villanuevas. The Villanuevas were unaware of the settlement and allegedly received none of the proceeds of the settlement. Additionally, on or about April 14, 1986, defendant signed the names Abel Villanueva and Ylia Villanueva on a receipt and release which was then forwarded to Charles Schutte, attorney for Commercial Insurance Companies, as part of the settlement agreement. Defendant used the money he obtained from the forgeries for travel and other personal items.
The record indicates a grand jury investigation was begun but apparently not completed in this matter. It also indicates the bill of information was signed by Charles Grey, an assistant district attorney for the Nineteenth Judicial District Court, and Patricia Jones, an assistant attorney general. The attorney general's office has prosecuted this case at all stages, and nothing appears of record other than defendant's representations as to why the district attorney for the Nineteenth Judicial District Court did not prosecute it.
ASSIGNMENT OF ERROR THREE (this assignment correlates with assignment of error A argued by defendant in his pro se brief):
In this pro se assignment of error filed by defendant as co-counsel, he argues his "indictment should have been quashed, as the bill of information was filed while the matter was under consideration by a Grand Jury and without a complaint filed by anybody." He contends in his brief to this court that the prosecution was unconstitutional, as it was carried out by the attorney general's office, who had no authority whatsoever to act in *338 this case and, thus, violated article four, section eight, of the Louisiana Constitution.
When a defendant withdraws a plea of not guilty and enters a plea of guilty, he waives any nonjurisdictional defects. State v. Crosby, 338 So.2d 584 (La.1976); State v. Mellion, 439 So.2d 586, 590 (La.App. 1st Cir.1983), writ denied, 443 So.2d 1118 (La. 1984). However, a defendant specifically may reserve his right to obtain appellate review of pre-plea errors. State v. McKinney, 406 So.2d 160, 161 (La.1981). The record reveals that neither defendant nor his attorney reserved appellate review of the pre-plea rulings on defendant's motions. Thus, any error concerning the conduct of the district attorney's office or the attorney general's office with relation to the grand jury hearing or bill of information has been waived. State v. Ealy, 451 So.2d 1351, 1352 (La.App. 1st Cir.1984). Accordingly, this court will not consider this assignment of error.
ASSIGNMENTS OF ERROR 1 (as listed in defense counsel's brief), 4-7, and 9-14 (which correlate with assignments of error B-G and J as listed in defendant's pro se brief):
In these assignments of error raised by defendant and his defense counsel, it is contended the trial court erred in imposing an illegal and excessive sentence and in failing to comply with the sentencing guidelines. Defendant argues that the sentence was based on facts not in the record and was vague, that the imposition of restitution was in error, and that the trial court failed to set the exact amount of restitution. Defendant also argues the trial court was biased and unfair. During defendant's sentencing hearing, the trial court stated that the conditions of defendant's probation included:
that you serve a flat two years in the parish prison, without benefit of probation, parole, good time, commutation of sentence, pardon....
The trial court also ordered that defendant make restitution to the victims as a condition of probation. The court stated:
They set out in the pre-sentence report the amount of $73,000.00. I understand that there w[ere] some advances made to the client. I am going to give you credit for any advances, but I am going to leave that up to the probation officer to determine what advances, if any, were made.
Initially, we note that, in ordering defendant to serve two years in the parish prison, the trial court improperly required the two years to be served without benefit of probation, parole, good time, commutation of sentence, or pardon. The two-year term in the parish prison is a special condition of probation, not a sentence from which defendant could be released on probation. Parole was unavailable to defendant because he was not committed to the Department of Public Safety and Corrections. LSA-R.S. 15:574.4. "Good time" or diminution of sentence was not available to defendant because he was not "sentenced to imprisonment." LSA-R.S. 15:571.3(A)(1). Commutation was also unavailable to defendant under Revised Statute 15:571.3(A) for the same reason. If, however, the court meant to deny commutation of sentence under Revised Statute 15:572, the court does not have this power. Only the governor may grant pardons and commutations. This is a power of the executive branch of the State of Louisiana and not the judicial branch. La. Const. arts. 2, § 2 and 4, § 5(E)(1). Thus, we find these conditions of probation to be legally incorrect.
Furthermore, the trial court failed to set a specific amount of restitution to be paid as a condition of defendant's probation. When a trial court suspends the imposition or execution of sentence and places a defendant on probation, the court is required to set the amount of restitution. La.C.Cr.P. art. 895.1(A); State v. Galloway, 551 So.2d 701, 704 (La.App. 1st Cir.1989). The condition of probation imposed is defective for failure to state a specific amount to be paid in restitution.[3]
*339 Because of these errors, we vacate these particular conditions of probation and remand this matter for imposition of new conditions. Since we are remanding, we do not consider at this time defendant's claim that his sentence was excessive because the trial court failed to comply with the sentencing guidelines. However, defendant is free to appeal anew after imposition of the new conditions of probation.
Nevertheless, because of the language used by the trial judge at defendant's sentencing hearing, we feel justice would best be served if the case was remanded to another trial judge. In imposing the conditions of probation upon defendant, the trial court stated, "if you attack this flat two year period of time, you are not going to receive the benefits of article 893." This language is vindictive and gives the impression that if defendant appealed his condition of probation of two years in the parish prison, the trial court would not consider the provisions of Louisiana Code of Criminal Procedure article 893 if remanded by this court. This position essentially would deny defendant his right to appeal and punish defendant for exercising his rights by possibly imposing a more severe sentence upon defendant. Cf. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); State v. Neville, 572 So.2d 1161 (La.App. 1st Cir. 1990), writ denied, 576 So.2d 46 (La.1991).
ASSIGNMENTS OF ERROR 1, 2, and 8 (which correlate with assignment of Error H argued in defendant's pro se brief):
In these assignments of error defendant set forth the arguments that his guilty pleas were invalid as he pled with vitiated consent, that he was not given an opportunity to withdraw his guilty pleas, and that he received ineffective assistance of counsel. However, in his brief to this court, defendant failed to brief these assignments of error. According to Uniform Rules-Courts of Appeal, Rule 2-12.4, they are considered abandoned, and we will not consider them. Thus, this court will not consider these assignments of error.
ASSIGNMENT OF ERROR I (as listed in defendant's pro se brief):
In his brief to this court, defendant sets forth the argument that "the trial court did not hear a pertinent motion filed timely for judicial determination." However, defendant failed to formally assign this claim as error with the trial court. In order for this issue to be reviewed on appeal, defendant should have filed this claim as a supplemental assignment of error. State v. Bennett, 517 So.2d 1115, 1121 (La.App. 1st Cir.1987), writ denied, 523 So.2d 1335 (La.1988). In accordance with well-established jurisprudence, we will not consider these arguments which were neither assigned as error nor related to errors patent on the face of the record. See State v. Spears, 350 So.2d 603, 605 n. 1 (La.1977); State v. Overton, 337 So.2d 1201, 1207 (La.1976).
CONVICTIONS AFFIRMED, CONDITIONS OF PROBATION VACATED, AND CASE REMANDED TO THE DISTRICT COURT FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
NOTES
[1] The minutes indicate that, as a condition of probation, the defendant was ordered to serve three years in the parish prison. However, the transcript reveals the trial court actually ordered the defendant to serve two years in the parish prison. Since there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983).
[2] Defendant was a licensed lawyer and law professor. The Louisiana Supreme Court permitted him to resign his license rather than disbar him because of the facts surrounding the case. Louisiana State Bar Association v. Cortina, 550 So.2d 1205 (La.1989).
[3] On remand, the court should carefully compute the amounts the Villanuevas received which, according to defendant, is $37,000.00 plus $5,000.00 for car rentals, plus medical and suit expenses, and an additional $18,000.00. Defendant represents the Villanuevas have never complained nor wanted this prosecution. With this in mind, the trial court should also be aware that in the disbarment proceedings brought against defendant, the supreme court noted that the commissioner who held these hearings, John S. White, Jr., concluded defendant had neither a dishonest motive nor an intent to damage his clients. See Louisiana State Bar Association v. Cortina, 550 So.2d 1205 (La.1989).