774 So.2d 1074 (2000)
STATE of Louisiana, Appellee,
v.
Cornell BOYKIN, Appellant.
No. 34,133-KA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
John Michael Lawrence, Gretna, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, John Ford McWilliams, Jr., Assistant District Attorney, Counsel for Appellee.
Before NORRIS, C.J., BROWN and PEATROSS, JJ.
*1075 NORRIS, Chief Judge.
Cornell Boykin was adjudicated a fourth felony offender and received a mandatory life sentence without benefit. Boykin appeals his habitual offender adjudication and sentence. Finding insufficient evidence to show that two predicate offenses fell within the applicable cleansing period, we vacate the habitual offender adjudication and remand for re-sentencing.

Facts
On April 24, 1994, Boykin was convicted of distribution of a Schedule II CDS, cocaine. The state subsequently filed a bill of information charging him as a second felony offender, listing as the predicate offense a 1987 conviction for simple robbery. The trial court adjudicated him a second felony offender and sentenced him to 20 years at hard labor. Boykin appealed his conviction and sentence. We affirmed the conviction for distribution of cocaine, but vacated the habitual offender adjudication and sentence finding that the state failed to prove that the cleansing period, the time between the date of discharge from supervision by the Department of Corrections for the predicate offense and the commission of the current offense, had not lapsed. State v. Boykin, 29,141 (La.App.2d Cir.1/31/97), 688 So.2d 1250.
On remand, the state filed an amended bill of information charging Boykin as a fourth felony offender. The bill alleged the following offenses: (1) February 24, 1987 conviction for unauthorized entry into a place of business, (2) June 22, 1987 conviction for simple robbery, (3) July 7, 1994 conviction for distribution of a Schedule II CDS, and (4) April 24, 1994 conviction for distribution of a Schedule II CDS, the current offense. Boykin filed motions to suppress and quash the bill of information, alleging that the re-filing of a habitual offender bill violated his rights against double jeopardy. He also asserts that the cleansing periods in effect at the time he committed the predicate offenses were applicable and that the state failed to prove that the cleansing period had not lapsed. The trial judge found that double jeopardy did not apply to habitual offender proceedings and that the applicable cleansing period was the one in effect at the time the amended bill of information was filed. The trial court denied his motions and sentenced him to life imprisonment without benefit. Boykin appeals the habitual offender adjudication and his sentence.

Law and analysis: Double Jeopardy
Boykin first argues, without any citation of authority, that the instant multiple offender bill of information violated his rights against double jeopardy. However, it is well established that a second multiple offender hearing does not place a defendant in double jeopardy, as such proceeding is merely a part of sentencing. State v. Langendorfer, 389 So.2d 1271 (La.1980); State v. Picot, 98-2194 (La.App. 4 Cir. 11/10/98), 724 So.2d 236; see also State v. Dorthey, 623 So.2d 1276 (La.1993). The Habitual Offender Law creates no independent offense, but rather prescribes the conditions under which there is an enhanced penalty for the current offense. For this reason, considerations of double jeopardy simply do not apply. State v. Dorthey, supra; State v. Davis, 98-1019 (La.App. 4 Cir. 12/29/99), 751 So.2d 326. This assignment lacks merit.[1]

Cleansing period
By his second assignment Boykin argues that the trial court erroneously applied *1076 the cleansing period in effect at the time the amended bill of information was filed, rather than that in effect at the time of the predicate offenses. He further argues that the State failed to show that the cleansing periods for the predicate offenses had not expired.
The Habitual Offender Law is inapplicable in cases where a certain amount of time has lapsed between the expiration of the defendant's maximum sentence for a prior conviction and the time of the commission of the "subsequent felony." La. R.S. 15:529.1 C. As we noted in our prior opinion, the applicable cleansing period was seven years. However, the statute was amended in 1995 to increase the cleansing period to 10 years. La. Acts 1995, No. 839, § 1 (eff. August 15, 1995). At sentencing in October 1999, the trial court applied the 10-year period.
The State concedes that the cleansing period to be applied is the one in effect at the time Boykin committed the instant offense. State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446; State v. Ignot, 29,745 (La.App. 2 Cir. 9/24/97), 701 So.2d 1001, writ denied 99-0336 (La.6/18/99), 745 So.2d 618. We agree that the trial court applied the wrong cleansing period; we must vacate the adjudication and sentence.
We further note that in habitual offender proceedings, the State bears the burden of proof that the crime of conviction falls within the cleansing period of R.S. 15:529.1 C. State v. Boykin, supra; State v. Ignot, supra. In the prior opinion, we found the State failed to prove when Boykin had been released from State supervision; we therefore vacated the adjudication. Boykin argues, and the State concedes that at the instant hearing, the state once again failed to provide any documentation of when Boykin was released from incarceration on the unauthorized entry and simple robbery convictions. We agree, and for this reason we will remand the case to the trial court for further proceedings consistent with this opinion. For the reasons already discussed, another habitual offender hearing will not constitute double jeopardy.

Conclusion
For the reasons expressed, Boykin's claim of double jeopardy is denied. However, because the trial court applied the wrong cleansing period and the State failed to meet its burden of proof under La. R.S. 15:529.1 C, the adjudication and sentence are vacated and the case is remanded for further proceedings. We pretermit consideration of the remaining assignments of error.
ADJUDICATION AND SENTENCE VACATED; CASE REMANDED.
NOTES
[1] Boykin also argues, for the first time on appeal, that the amended fourth felony bill of information was illegal because it had a "chilling effect" on his right to due process and right of appeal. This appears to be based on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). See also, State v. Cortina, 632 So.2d 335 (La.App. 1 st Cir.1993); State v. Neville, 572 So.2d 1161 (La.App. 1 st Cir.1990), writ denied, 576 So.2d 46 (1991). We will not consider arguments unless preserved by a contemporaneous objection and properly raised at the trial court level. La.C.Cr.P. art. 920. See also URCA Rule 1-3.