J^DREW, J.
After two remands for resentencing, Cornell Boykin was adjudicated a second felony offender and sentenced to 20 years at hard labor, to be served consecutively with another sentence for which he was already incarcerated. His claim of an excessive sentence is without merit. We therefore affirm.

Background

In 1995, Boykin was convicted at jury trial of the November 1994 distribution of a Schedule II CDS, cocaine. He was adjudicated a second felony offender and originally sentenced to 20 years at hard labor. We affirmed the conviction but, finding that the state had failed to prove that the cleansing period had not lapsed, we vacated the habitual offender adjudication and sentence, and remanded for resentencing. State v. Boykin, 29,141 (La.App.2d Cir.1/31/97), 688 So.2d 1250.
*66 On initial remand, defendant was adjudicated as a fourth felony offender and received the mandatory life sentence. Finding insufficient evidence to show that two predicate offenses fell within the applicable cleansing period, we vacated the habitual offender adjudication and sentence, and remanded for resentencing. State v. Boykin, 34,133 (La.App.2d Cir 12/6/00), 774 So.2d 1074.
On the second remand, the state filed an Amended Third Felony Habitual Offender bill of information. After numerous motions and hearings, the trial court adjudicated defendant a second felony offender and imposed a sentence of 20 years at hard labor, to be served consecutively with another 18-year sentence, also for the crime of distribution of cocaine. | ¡/Both the state and defense filed motions for reconsideration of sentence, each being denied without a hearing. Defendant does not now challenge his adjudication as a second felony offender, only that his sentence is excessive. The state did not perfect its appeal.

Discussion

Defendant argues that the trial court did not discuss any personal information concerning defendant and did not address the allegation that he acted under the compulsion of an addiction.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1988); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). In the instant case, the record shows an adequate factual basis for the sentence imposed.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the 13seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. A trial court has broad discretion to sentence within the statutory limits. Past records of drug offenses weigh heavily in upholding the imposition of even maximum sentences. See State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Prior to imposing sentence, the trial court noted that when defendant originally was adjudicated a second felony offender, his sentencing exposure then, as now, was 15 to 60 years. The sentence imposed under those initial circumstances was. 20 years. The court reviewed a PSI report and thoroughly outlined and considered the facts of this case, a matter with which the trial court had dealt off-and-on for five years, through jury trial, three habitual offender proceedings, and two previous *67 sentencings, prior to the sentencing appealed herein. The sentencing guidelines in effect at the time of the offense recommended a sentence of 17 to 20 years.
The trial court then adequately considered the La.C.Cr.P. art. 894.1 guidelines in effect at the time of this sentencing. The court determined by understatement that:
• there was an undue risk of the commission of another offense if defendant were to be granted probation;
14« defendant was in need of custodial treatment; and
• a lesser sentence would deprecate the seriousness of the offense.
To buttress the above conclusions, the court noted that in the two decades preceding his original sentence, defendant had accumulated 20 arrests and 13 convictions. These various offenses of conviction included many misdemeanors including theft, battery, driving under revocation, and DWI, as well as three quite serious felonies:
• unauthorized entry of a business (bargained down from simple burglary);
• simple robbery (bargained down from purse snatching); and, stunningly,
• a prior conviction for distribution of cocaine, the same offense as now.
The PSI further informed the court:
• that for most of the defendant’s adult life, the only times he went as long as a year without being arrested was when he was incarcerated;
• that the defendant’s two stretches on parole were “dismal,” each resulting in revocation;
• that the defendant failed to comply with his conditions of supervision and parole, in the following non-exclusive ways:
• failing to report as required;
• failing to perform community service;
• failing to pay supervision fees; and arguably worse,
• frequently testing positive for the use of CDS.
On this record, we do not find constitutional error. Even though this crime involves a small amount of cocaine, the preceding two decades paint a | Bbleak picture, particularly when one considers this defendant’s prior convictions for:
• distribution of cocaine;[1] and
• simple robbery, a violent and dangerous offense.
The jurisprudence noted herein would uphold the imposition of the maximum authorized sentence in this case. However, the sentence actually reimposed here is near the lower end of the defendant’s total sentencing exposure, and is in full compliance with the La.C.Cr.P. art. 894.1 guidelines in effect on the date of this offense and at the time of the original sentencing.
Defendant’s allegations of addictive disposition as an explanation for committing this offense are sad and may certainly be grounded in reality; however his present plea for compassion and consideration is trumped by the stark reality of:
• his past dismal criminal record; and
• his failure to take advantage of innumerable programs to educate himself and overcome his alleged addiction, while in and out of jail.[2]
It is noted, however, that he now submits a total of 16 certificates[3] with his pro *68 se Supplemental Brief, filed with this court on November 27, 2002. These documents reflect that he has, at least sporadically, taken advantage of many prison programs designed to help him adjust to his | ¿future release, which participation will hopefully inure to the protection of the public somewhere down the road. Perhaps in recent years he has finally become receptive to the opportunities available in the criminal justice system to assist him towards a self-supporting, drug-free and violence-free life on the streets. That noted, while previously on the streets, this defendant has time and time again frittered away all manner of rehabilitative opportunities and second chances. Nothing in the PSI reflected that this man, when free, has ever had any positive impact on his community; instead he has consistently been a drain on society.
So we come full circle, and the defendant winds up with the exact same sentence as originally administered by the learned trial judge. The 20-year hard labor sentence now imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s great discretion in the imposition of this sentence which, under the disheartening facts and circumstances of this case, is not constitutionally excessive.

CONCLUSION

The defendant’s sentence is AFFIRMED.

.The defendant was out on bond awaiting sentence on his first distribution conviction, when he committed the instant offense.

. Even at 40 years of age, he still apparently lacks a GED.

. Of these certificates, three were issued in 1995, none in 1996, none in 1997, none in *68 1998, one in 1999, 11 in 2000, one in 2001, and none in 2002.