STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0242

STATE OF LOUISIANA

VERSUS

SCOTT DANIEL McCOY

*Judgment Rendered:* DEC 3 0 2020

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 594036

The Honorable William J. Knight, Judge Presiding

* * * * * * * *

Meghan Harwell Bitoun
New Orleans, Louisiana

Counsel for Defendant/Appellant
Scott Daniel McCoy

Warren L. Montgomery
District Attorney
J. Bryant Clark, Jr.
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana

* * * * * * * *

BEFORE: HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

Higginbotham, J. Concurs.

**THERIOT, J.**

The defendant, Scott Daniel McCoy, was charged by bill of information with one count of indecent behavior with a juvenile (victim C.R.) (count 1), and one count of indecent behavior with a juvenile (victim C.J.) (count 2), violations of La. R.S. 14:81. The defendant pled not guilty and, following a jury trial, was found on count 1 guilty of the responsive offense of attempted indecent behavior with a juvenile. See La. R.S. 14:27. On count 2, the defendant was found not guilty. The defendant was sentenced to three-and-one-half years imprisonment at hard labor. The trial court suspended the sentence and placed the defendant on three years of supervised probation. The trial court also ordered the defendant to pay for all therapy and treatment for the victims. The defendant now appeals, designating two assignments of error. We affirm the conviction. We vacate the sentence and remand to the trial court for resentencing.

## FACTS

In July of 2017, fifteen-year-old C.R.[1] was with E.R., her older sister, at E.R.'s friend's home in Pearl River. E.R.'s friend was the defendant's daughter, G.M. The defendant gave E.R. and C.R. "moonshine" to drink that he kept in a mason jar. The defendant also drank some. C.R., E.R., G.M., and the defendant then left the defendant's house to pick up G.M.'s boyfriend and to go swimming at G.M.'s boyfriend's friend's house. G.M. drove with E.R. in the front seat, while the defendant and C.R. sat in the back. They stopped at a gas station, and the defendant bought a six-pack of Mike's Hard Lemonade. Upon arriving at the friend's house, they went swimming. C.R. drank some of the Mike's Hard Lemonade and became intoxicated. They finished swimming and drove home. During the drive, C.R. vomited while in the backseat.

---

[1] The victim and other minors are referred to by their initials. See La. R.S. 46:1844(W).

2

When they arrived at the defendant's house, E.R. and G.M. gave C.R. a shower to clean her up. They wrapped a towel around her and brought her, with the defendant's help, to a shed in the backyard. The shed, referred to as a "man cave," would be where E.R. and C.R. would sleep that night. The towel was removed, and E.R. dressed C.R. in a shirt and panties. The defendant was present while C.R. was being dressed. E.R. and G.M. then left the shed to clean the car, and the defendant stayed with C.R.

C.R. passed in and out of consciousness. During her periods of consciousness, C.R. remembered the defendant rubbing her thighs. The defendant would rub the inside of her thighs and C.R. would move his hand away. The defendant also moved C.R.'s panties to the side to expose her vagina and asked C.R. if she shaved down there. At one point, after blacking out and regaining consciousness, the defendant allegedly told C.R. that she had begun performing oral intercourse on him and that she should finish doing that. C.R. repeatedly asked for her sister until the defendant texted E.R., and she returned to the shed. The defendant left, and C.R. told E.R. what the defendant had done to her. E.R. testified that C.R. told her the defendant had tried to move her panties, tried to stick his genitals in her face, and "tried to get her to do inappropriate behavior."

The defendant testified at trial. He denied that anything inappropriate occurred with C.R. The defendant indicated that when E.R. and C.R. arrived at his house, he did not give them any alcohol. He denied giving C.R. any moonshine. According to the defendant, he was outside cleaning the car while C.R. was given a shower. After C.R. was given a shower and taken to the "man cave," the defendant was standing at the head of the chair that C.R. was laying in, while E.R. and G.M. tried to put on C.R.'s panties. Then, according to the defendant, he went outside to clean the car. He then returned to the "man cave" with a washrag and a bucket to take care of C.R. At that point, E.R. and G.M. went outside. The defendant stated

3

that as C.R. was dry heaving, the defendant rubbed her hands, "trying to get her to focus, to wake up". He then began rubbing her knee and the side of her thigh. The defendant then texted E.R. and told her to come back to the shed.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues the trial court erred in allowing other crimes evidence pursuant to La. Code Evid. art. 404(B). Specifically, the defendant contends that the probative value of the "prior act" evidence was substantially outweighed by its prejudicial impact.

Prior to trial, the trial court ruled that it would allow into evidence an incident involving B.S., pursuant to La. Code Evid. art. 404(B). At trial, B.S. testified that she was friends with the defendant's daughter, G.M. On one occasion when seventeen-year-old B.S. was at the defendant's house, the defendant kept forcing her to drink moonshine, Mike's Hard Lemonade, and Seagram's. B.S. kept blacking out, and G.M. had to give B.S. a shower because she kept vomiting. While in the bathroom, the defendant told B.S. "something about shaving her vagina[l] area." At one point, when B.S. regained consciousness, she was in a recliner, and the defendant was putting her underwear back on. On a second occasion, the defendant gave B.S. moonshine again.

The defendant argues in brief that the testimony of B.S. served only to paint the defendant as a person of bad character, and that the prejudice resulting from this evidence substantially outweighed its probative value. The defendant further contends that this 404(B) evidence was not relevant to the instant charge of indecent behavior with juveniles because B.S. was seventeen years old at the time of the alleged offense. To constitute indecent behavior with a juvenile under La. R.S. 14:81, the victim must be under the age of seventeen.

4

We find that the other crimes evidence was clearly admissible and not overly prejudicial to the defendant. Louisiana Code of Evidence article 404(B)(1) provides:

> Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. In order to avoid the unfair inference that a defendant committed a particular crime simply because he is a person of criminal character, other crimes evidence is inadmissible unless it has an independent relevancy besides simply showing a criminal disposition. **State v. Lockett**, 99-0917 (La. App. 1st Cir. 2/18/00), 754 So.2d 1128, 1130, writ denied, 2000-1261 (La. 3/9/01), 786 So.2d 115. The trial court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. See **State v. Galliano**, 2002-2849 (La. 1/10/03), 839 So.2d 932, 934 (per curiam). When seeking to introduce evidence pursuant to La. Code Evid. art. 404(B), the State need only make a showing of sufficient evidence to support a finding that the defendant committed the other crime, wrong, or act. **State v. Taylor**, 2016-1124 (La. 12/1/16), 217 So.3d 283, 291.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. Code Evid. art. 401. All relevant evidence is admissible except as otherwise provided by positive law.

5

Evidence which is not relevant is not admissible. La. Code Evid. art. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time. La. Code Evid. art. 403.

We find no abuse of discretion in the trial court's finding that these other acts by the defendant were admissible. What happened to B.S. bore a striking similarity to what happened to C.R. In both cases, the defendant gave teenaged females alcohol, particularly his own moonshine and Mike's Hard Lemonade. In both cases, the girls got so inebriated that they vomited and were placed in the defendant's shower to clean off. In both cases, the defendant made it a point to be near the girls when they were in their underwear or naked.

The testimony of B.S. was not evidence of impermissible other crimes or acts to show bad character or a criminal disposition; rather, it had independent relevance to the issues of motive, opportunity, preparation, and intent. See La. Code Evid. art. 404(B)(1). It also revealed *modus operandi*. Any prejudicial effect was outweighed by the probative value of such evidence. See La. Code Evid. art. 403; **State v. Scales**, 93-2003 (La. 5/22/95), 655 So.2d 1326, 1330-31, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996).

There is also no merit to the defendant's assertion that what had occurred to B.S. was not relevant to the instant charge of indecent behavior with juveniles because of B.S.'s age. There is no requirement under La. Code Evid. art. 404(B) that the defendant has committed the same crime on different victims in order for the other crimes evidence to be admissible. As long as the wrongs, acts, or other crimes are similar and have an independent source of relevance, they are admissible. Thus, evidence of not only convictions but also unadjudicated acts committed by the defendant are admissible to show intent and motive. See **State**

**v. Lutcher,** 96-2378 (La. App. 1st Cir. 9/19/97), 700 So.2d 961, 970, <u>writ denied</u>, 97-2537 (La. 2/6/98), 709 So.2d 731; <u>see also</u> **State v. Colbert,** 2007-0947 (La. App. 4th Cir. 7/23/08), 990 So.2d 76, 89, <u>writ denied</u>, 2008-2098 (La. 5/15/09), 8 So.3d 579. Additionally, courts in Louisiana have consistently held that prior crimes differing from those at issue in their respective cases are still probative to establish a defendant's lustful disposition. **State v. Mischler,** 2018-1352 (La. App. 1st Cir. 5/31/19), __ So.3d __, 2019 WL 2334219, at *8.

Based on the foregoing, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the defendant argues the trial court abused its discretion in ordering him to pay restitution to three victims.

The defendant points out that the trial court did not hold a restitution hearing. The defendant also asserts that the trial court ordered the defendant pay restitution to three victims, when there was only one victim in this case. This assignment has merit.

At the sentencing hearing, after sentencing the defendant and placing him on probation, the trial court stated: "You will pay for all therapy and treatment which any of the victims in connection with this matter received as a result of your actions." Restitution can only be ordered for damage or loss caused by the offense, and restitution to the victim of a crime of which the defendant was not convicted or did not plead guilty may not be imposed. **State v. Elkins,** 489 So.2d 232, 233 (La. 1986). Thus, restitution herein to victims of offenses of which the defendant was accused but not convicted was not a proper condition of probation. <u>See</u> **State v. Alleman,** 439 So.2d 418, 419 (La. 1983).

Moreover, the trial court's failure to provide a specified payment plan for payment was patent error. Under La. Code Crim. P. art. 895.1, the court is required to order restitution in cases where the victim or his family has suffered

7

any monetary loss or medical expense. When the court, however, suspends the imposition or execution of a sentence and places a defendant on probation, the court is required to set the amount of restitution. The sentence imposed herein is therefore defective for failure to state a specific amount to be paid in restitution. **State v. Galloway**, 551 So.2d 701, 703-04 (La. App. 1st Cir. 1989).

Further, the defendant was convicted of only a single crime, of which the sole victim was C.R. The defendant was acquitted of the charge wherein C.J. was the victim; and B.S. was not a victim or an aggrieved party of either charged offense. Also, neither C.J. nor B.S. was a family member whose expenses were eligible for restitution under either La. Code Crim. P. arts. 895 or 895.1. Accordingly, it was inappropriate for the court to require the defendant to pay restitution for any other person other than C.R. <u>See</u> **Galloway**, 551 So.2d at 704.

For the foregoing reasons, we vacate the condition of restitution and remand this matter for imposition of a new condition. The trial court is to set out a specific amount to be paid and to confine such payment to C.R., the only victim of the crime for which he was convicted.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**