STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 KA 0081

STATE OF LOUISIANA

VERSUS

SAMARIA BELL

Judgment Rendered: \_\_\_\_DEC 2 7 2024\_\_\_\_

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. DC-21-03078

Honorable Louise Hines, Judge Presiding

* * * * * * *

Hillar C. Moore, III                    Attorneys for Appellee
District Attorney                       State of Louisiana
Cristopher J.M. Casler
Assistant District Attorney
Baton Rouge, Louisiana


Dele A. Adebamiji                       Attorneys for Defendant/Appellant
Felicia E. Adebamiji                    Samaria Bell
Baton Rouge, Louisiana


* * * * * *

**BEFORE: GUIDRY, C.J.; PENZATO, AND STROMBERG, JJ.**

**PENZATO, J.**

The defendant, Samaria Bell, was charged by bill of information with aggravated criminal damage to property, a violation of La. R.S. 14:55. She initially pled not guilty. She later withdrew her not guilty plea and pled no contest to simple criminal damage to property less than $1,000.00, a violation of La. R.S. 14:56. Pursuant to La. Code Crim. P. art. 894, the trial court deferred the imposition of sentence for a period of one year and placed the defendant on unsupervised probation. Following a restitution hearing, the trial court ordered the defendant to pay restitution in the amount of $3,074.00. The defendant now appeals, challenging the restitution order in two related assignments of error. For the following reasons, we amend the order of restitution and affirm as amended.

## STATEMENT OF FACTS

As the defendant pled no contest, the facts were not fully developed in this case. In accordance with the probable cause affidavit and testimony at the restitution hearing, on May 14, 2021, the defendant was driving a Ford Fusion and intentionally struck Tamara Buckner's vehicle, a 2008 Dodge Charger, on the driver's side, damaging Ms. Buckner's vehicle.

## VALIDITY OF THE RESTITUTION ORDER

The defendant argues the trial court erred in ordering restitution in connection with the vehicle damaged in this case. Specifically, in assignment of error number one, the defendant argues the State lacked a valid cause of action because Buckner was not the owner of the damaged vehicle. In assignment of error number two, the defendant argues the State failed to prove the value of the vehicle.

Upon the defendant's conviction of simple criminal damage to property in this case, the trial court deferred sentencing and imposed restitution as a condition of probation. A probationary sentence carries with it both mandatory and discretionary conditions. La. Code Crim. P. arts. 895 & 895.1. Under La. Code Crim. P. art.

2

895(A)(7), when the court places a defendant on probation, it "may" impose certain conditions, including *"reasonable* reparation or *restitution* to the *aggrieved party for damage or loss caused by his offense*[.]" (Emphasis added). Louisiana Code of Criminal Procedure article 895.1(A)(1) converts payment of restitution from a discretionary to a mandatory condition of probation that the court "shall" impose "where the *victim or his family* has suffered . . . any monetary loss pursuant to damage to or loss of property . . . *in a reasonable sum not to exceed the actual pecuniary loss* to the victim in an amount certain." (Emphasis added). See *State v. Jarratt*, 53,525 (La. App. 2d Cir. 6/24/20), 299 So.3d 1202, 1211. As stated, the defendant contests the recipient and the amount of restitution imposed in this case.

***Restitution Recipient***

The defendant first contends Ms. Buckner had no right to restitution since she was not the legal owner of the damaged vehicle. At the restitution hearing, Ms. Buckner testified her stepfather purchased the vehicle originally and gave it to her approximately one year before the collision. Though it was gifted to Ms. Buckner, the title remained in her mother's name.

At the outset, we note that although the defendant questioned Ms. Buckner on cross-examination regarding the ownership of the vehicle, the defendant did not object to the trial court's restitution ruling on the basis that Ms. Buckner was not the owner of the vehicle or proper restitution recipient.[1] An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. Code Crim. P. art. 841(A). In accordance with La. Code Crim. P. art. 841, to allow an objection on new grounds to be presented for the first time on appeal would deprive the trial court of the opportunity to consider the merits of the particular claim. Instead, the defendant is limited on appeal to the grounds he articulated

---

[1] In objecting to the restitution ruling, defense counsel argued the State failed to prove the condition of the vehicle and claimed the defendant was entitled to the vehicle since she was being ordered to pay restitution.

3

below, and a new basis for a claim, even if it would be meritorious, cannot be raised for the first time on appeal. *State v. West*, 2018-0868 (La. App. 1st Cir. 5/31/19), 277 So.3d 1213, 1217.

Nonetheless, in an abundance of caution, we note the defendant's claim is meritless. The plain language of the code articles governing restitution as a condition of probation, La. Code Crim. P. art. 895(A)(7) and La. Code Crim. P. art. 895.1(A)(1), authorize the trial court to order restitution to an aggrieved party (the victim) or the victim's family. Herein, Ms. Buckner testified that while the title was registered in her mother's name, her mother and her stepfather had given her the car. Thus, Ms. Buckner was the aggrieved party who suffered an actual loss in connection with the damage to the vehicle in this case. Further, either Ms. Buckner or her mother could be awarded restitution in this case. See *State v. White*, 2017-0308 (La. App. 1st Cir. 9/15/17), 228 So.3d 213, 216 (affirming payment of $10,500 restitution awarded to the victim's family for funeral expenses); Cf. *State v. Galloway*, 551 So.2d 701, 704 (La. App. 1st Cir. 1989) (vacating restitution order where the recipient was not a victim, aggrieved party, or family member whose expenses were eligible for restitution under Article 895 or 895.1). We now turn to the amount of restitution ordered by the trial court.

***Restitution Amount***

The defendant contends the State failed to prove the value of the car because there was no testimony by a mechanic or body repairman or a copy of an actual repair invoice. The State contends it adequately proved the value of the vehicle in this case, but concedes the restitution amount should have been reduced by the amount of money Ms. Buckner received when the vehicle was sold.

As stated above, when the victim or his family has suffered any monetary loss pursuant to damage to property and the court places the defendant on probation, the court shall order payment of restitution in a reasonable sum not to exceed the actual

4

pecuniary loss to the victim in an amount certain. La. Code Crim. P. art. 895.1(A)(1). When determining the value of an item damaged by a defendant, courts are required to take depreciation into account because the relevant inquiry is the value of the property at the time it was damaged or stolen, not its purchase price. See *State v. Williams*, 610 So.2d 129, 130 (La. 1992) (per curiam); *State v. Bickham*, 2023-0711 (La. App. 4th Cir. 4/2/24), 390 So.3d 770, 772.

The owner of the property may testify regarding the value of the items without the necessity of being qualified as an expert, and such testimony can constitute ample evidence of the property's value. *State v. Castillo*, 2013-552 (La. App. 5th Cir. 10/29/14), 167 So.3d 624, 651, writ denied, 2014-0587 (La. 11/7/14), 152 So.3d 172, writ denied, 2014-2567 (La. 9/18/15), 178 So.3d 145. In ordering restitution, the trial court has discretion and its decision will not be disturbed absent an abuse of this discretion. *State v. Averette*, 99-2054 (La. App. 1st Cir. 6/23/00), 764 So.2d 349, 352.

Herein, in addition to Ms. Buckner's testimony describing the damage to the vehicle as the driver's side door being "smashed in," the State introduced photographs taken by Ms. Buckner. Ms. Buckner confirmed she did not take the vehicle to a dealer or mechanic to be assessed after the collision. She confirmed she did not receive any insurance payments or reimbursement, as she declined to file a claim against her mother's policy and believed the defendant's insurance company would not reimburse her because the damage was intentional.

Ms. Buckner testified the vehicle had an estimated 205,000 miles at the time of the accident, was in perfect running condition, had good interior, and was valued at approximately $3,000.00 to $4,000.00 dollars according to the Kelley Blue Book website. On cross-examination, Ms. Buckner admitted she did not know enough about vehicles to comment on the condition of the engine or transmission at the time of the collision, but stated she had not had any problems with it prior thereto.

Approximately two weeks after the collision, she began having problems starting the vehicle, but did not take it to a repair shop. Ms. Buckner sold the vehicle to "Pull A Part" for $500.00. The State introduced Kelly Blue Book printouts for the year, make, and model of the vehicle at 205,000 mileage, showing it had an average private party sale value of $4,536.00, and an average trade-in value of $1,622.00.[2] The trial court determined the amount owed in restitution by averaging these two values.[3]

The State presented testimony and documentary evidence regarding the value of the vehicle based on the mileage, year, make and model, and condition of the vehicle at the time of the offense, before it was damaged in the collision. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. *Averette*, 764 So.2d at 354. This court will not reassess Ms. Buckner's credibility. See *Id.* Ms. Buckner's testimony was consistent with and corroborated by the documentary evidence showing the vehicle had an average private party sale value of $4,536.00. The trial court imposed a significantly lower amount than that in ordering a restitution amount of $3,074.00. We note that restitution cannot always be determined with exactitude, and a trial court therefore has great discretion in setting the amount of restitution appropriate under the particular circumstances of a given case. See *State v. Perry*, 2015-0510 (La. 2/5/16), 183 So.3d 509; *State v. McDonald*, 33,356 (La. App. 2d Cir. 6/21/00), 766 So.2d 591, 594.

Based on our review of the testimony and documentation, we cannot say the trial court abused its great discretion in fixing the amount of restitution. However,

---

[2] Over objection by defense counsel on the basis of hearsay, the trial court admitted the documentation under La. Code Evid. art. 803(17). Pursuant to La. Code Evid. art. 803(17), "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations" are not excluded by the hearsay rule. The defendant does not contest this ruling on appeal.

[3] Based on our calculations and the trial court's stated method of determination, the total would actually amount to $3,079.00.

based upon our review, it appears the trial court failed to reduce the amount of restitution by the $500.00 Ms. Buckner received in connection with the sale of the vehicle. See *State in the Interest of R.L.K.*, 95-1277 (La. App. 1st Cir. 12/19/95), 666 So.2d 427, 432-33, writ denied, 95-3120 (La. 1/26/96), 666 So.2d 1084 (if restitution is ordered as a special condition of probation, the trial court should determine the restitution amount after first considering whether or not the victim otherwise has been compensated for the loss).

Thus, we amend the order of restitution, reducing the amount by $500.00, to $2,574.00. The assignments of error otherwise lack merit.

**ORDER OF RESTITUTION AMENDED; AFFIRMED AS AMENDED.**

7